Filed April 2, 1884.

---

No. 11,509.

## HUDELSON ET AL. *v.* THE STATE.

CRIMINAL LAW. — *Advertising Lottery.* — *Indictment.* — *Gift Enterprise.*—An indictment, charging that the defendants, at, etc., on, etc., published an advertisement (set out) that they would, on a day named, give to the person buying goods at their store to the amount of fifty cents, and guessing nearest the number of beans in a glass globe in their window, a gold watch, is good, under section 2078, R. S. 1881, making it an offence to advertise a lottery.

SAME.—*Instructions to Jury.*—*Province of Jury.*—The jury was instructed that they were the judges of the law, and that the instructions of the court were only advisory and might be disregarded; and the next instruction was that the jury had no right to determine the question whether the facts stated in the indictment constituted a public offence, or to determine the sufficiency of the indictment; and if the facts stated therein were proven beyond a reasonable doubt they must convict.

*Held,* that the last instruction given, in this order, was a fatal error. EL-LIOTT and HAMMOND, JJ., dissenting.

From the Henry Circuit Court.

*D. W. Chambers, J. S. Hedges* and *F. W. Fitzhugh,* for appellants.

*F. T. Hord,* Attorney General, and *G. W. Duncan,* Prosecuting Attorney, for the State.

ZOLLARS, J.—Section 2078, R. S. 1882, is as follows: "Whoever writes, prints, advertises, or publishes in any way,

an account of any lottery, gift enterprise, or scheme of chance of any kind or description, by whatever name, style, or title the same may be denominated or known, stating when or where the same is to be drawn, or the prizes therein or any of them; or the price of a ticket; or showing therein where any ticket may be obtained; or in any way giving publicity to such lottery, gift enterprise, or scheme of chance,—shall be fined not more than five hundred dollars nor less than ten dollars."

Appellants were convicted upon an indictment which charges them with having unlawfully written, advertised and published an account of a gift enterprise. The prosecution is based upon the above statute. The publication is set out in full in the indictment. The material portion is as follows: "Gents' Furnishing Store. Our New Year's presents for our patrons. We will give to the purchaser of fifty cents worth, or more, of goods from our stock, who guesses nearest to the number of beans contained in the glass globe on exhibition in our window, a gold watch,     *     *     *     which can be seen in our show window, commencing on Saturday, November 17, 1883, and until Tuesday, January 15, 1884. Every purchaser of goods to the amount of fifty (50) cents, or more, will receive a ticket which will entitle the recipient to one guess for the gold watch." Following this is a statement as to the committee of three persons who had put the beans into the globe; also a certificate of the committee that they had deposited the beans and sealed up the glass globe without knowing the number of beans so deposited; also a certificate as to the character and value of the watch. The purpose of the gift is stated to be the advertisement of the stock of goods, and thus draw visitors and patrons. A motion to quash the indictment was overruled. This ruling is one of the errors assigned in this court.

The contention of appellant's counsel is, that the enterprise, as set out in the publication, is not a lottery, nor in the nature of a lottery or gift enterprise. That to arrive at the

correct number of beans in the glass globe is not a matter of chance, but of mathematical calculation. We can not concur in this view. An expert mathematician might compute the dimensions of the glass globe with a reasonable degree of certainty. Necessarily, the result could be but approximately correct. To be mathematically correct, the exact thickness of the glass would have to be known. This exactness could not be attained by an observation of the sealed globe. Here would necessarily be an element of guessing. And if the exact size of the globe were known, it would be utterly impossible, by the application of mathematical rules, or by any other means, to calculate the number of beans contained in it. The size of the several beans, so far as they could be observed, would be a matter of pure guessing. And besides, only those on the surface and next to the glass could be seen. Those in the center might be smaller or larger. In short, there could be no fixed and definite fact or quantity upon which to base a mathematical calculation or demonstration. The number of beans in the globe could be nothing else than a matter of guessing. An expert mathematician might more nearly fix the size of the globe than an entirely uneducated person. And so he, and persons of better judgment, might more nearly fix the number of beans in the globe than persons of less judgment; yet the exact number would be a mere matter of guessing. That any one should guess the correct number would be a matter of the merest chance, because there are no means of attaining to a certainty.

Whether the enterprise set out in the publication be called a scheme of chance, a gift enterprise, or a lottery, it is still a scheme of chance, and in that sense a lottery or gift enterprise. *Lohman* v. *State*, 81 Ind. 15.

The watch was to be given to the person who should come nearest guessing the correct number of the beans. Who that might be would be purely a matter of chance. Whether that person might guess the correct number, would be a matter

of chance. Chance was to settle the ownership of the watch. And thus the enterprise was to be a lottery. "A lottery is a scheme for the distribution of prizes by chance—a game of hazard, in which small sums are ventured for the chance of obtaining a larger value, either in money or other valuables." Winfield's Adjudged Words and Phrases, p. 377.

" Where a pecuniary consideration is paid, and it is determined by lot or chance, according to some scheme held out to the public, what and how much he who pays the money is to have for it, that is a lottery." *Hull* v. *Ruggles*, 56 N. Y. 424.

"A lottery is a scheme for the distribution of prizes by chance." *Dunn* v. *People*, 40 Ill. 465. See also *State* v. *Clarke*, 33 N. H. 329.

It makes no difference that the ticket was to be procured by the purchase of goods. *Lohman* v. *State, supra; State* v. *Mumford*, 73 Mo. 647 (39 Am. R. 532); *United States* v. *Olney*, 1 Abb. U. S. 275.

The indictment, we think, was sufficient to withstand the motion to quash.

The tenth instruction given by the court is as follows: " You have no right to determine the question whether the facts stated in the indictment constitute a public offence, or to determine the sufficiency of the indictment. If the facts stated in the indictment are proven beyond a reasonable doubt, you must convict."

It is insisted that this instruction is an invasion of the rights of the jury, and an infraction of section 19 of article 1 of the State Constitution, which declares that in all criminal cases whatever the jury shall have the right to determine the law and the facts.

We can see no escape from this view, unless the instruction is so limited and modified by others as to remove the objections urged against it. The Constitution declares, in the broadest and most imperative terms, that in all criminal cases the jury shall have the right to determine the law as well as

the facts.    This right has been recognized and enforced in its broadest scope by many decisions of this court.    It is made the duty of the court to instruct the jury as to the law in the case, and at the same time inform them that they are the judges of the law.    Section 1823, R. S. 1881.    It has been held that the instructions to the jury under the Constitution and the statute are not to bind their consciences, but to enlighten their judgments; in other words, the instructions are advisory, and not binding upon the jury.    *Lynch* v. *State,* 9 Ind. 541 ; *Williams* v. *State,* 10 Ind. 503 ; *Nuzum* v. *State,* 88 Ind. 599 ; *Powers* v. *State,* 87 Ind. 144.    Notwithstanding this, if the instructions are erroneous, the judgment will be reversed.    *Clem* v. *State,* 42 Ind. 420 (13 Am. R. 369).

In the case of *Daily* v. *State,* 10 Ind. 536, it was held that an instruction, in which the jury was charged " that they had nothing to do with the question as to the sufficiency of the indictment; that the court had determined that" fact, was not erroneous.    That is correct in a proper sense.    The jury have no right to base an acquittal upon their notion alone that the indictment is not sufficient; they have no right to determine that the indictment is not sufficient in form, or that it was not properly found and returned ; they must act upon the law and the evidence, when the case comes before them.    But they have the undoubted right, under the Constitution and the decisions of this court, to say that the facts in evidence do not constitute a " public offence," although those facts may be the same facts stated in the indictment.    If this be not so, then the jury will be compelled to convict in all cases where the facts stated in the indictment are proved, although they may think that the facts so proved do not constitute a public offence. This would be, practically, to take from the jury the right to pass upon the law in all cases.    If the proof should not sustain the averments in the indictment, they might acquit for the want of sufficient evidence ; but in every case where the proof should establish the truth of the facts stated in the indictment, the jury would be compelled to convict, because

Hudelson *et al. v.* The State.

they would have no right to settle the law for themselves, and say that the facts so proven do not constitute a public offence.

Paraphrased, the instruction is a charge to the jury that, if the facts stated in the indictment were proven beyond a reasonable doubt, they must convict the defendants, and that they had no right to determine the question as to whether those facts constituted a public offence.

This, we think, is not the law; the instruction is, therefore, erroneous.

Was this error cured, or rendered harmless, by any other instruction?

In the ninth instruction, preceding the tenth, *supra*, the jury were instructed as follows: "You are the judges also of the law. It is the duty of the court to instruct you in the law, but his instructions are advisory only, and you may disregard them, and determine the law for yourselves. * * * And in determining what the law of the case is, you may consider the charges given by the court, and the decisions of the Supreme Court noted to you in argument, as evidence of what the law is." This instruction is general in its character, and in a certain sense applies to all of the instructions given by the court. The tenth, following immediately after, forms an exception to the general rule announced. Taking the two together, the jury would doubtless understand from them that as to all questions of law arising in the case, they were the judges, and that the instructions of the court were simply advisory, except that if the facts stated in the indictment were proven, they had no right to judge of the law, and say that such facts did not constitute a public offence, and must convict, whatever their ideas of the law upon such facts might be. If the ninth instruction had followed instead of preceding the tenth, we might have a different case. We are not to be understood, however, as holding or intimating that in that case the tenth would have been rendered harmless.

The rule in criminal cases is settled, in this State, that if

an erroneous instruction is given, it can not be corrected by another instruction which may state the law correctly, unless the erroneous instruction is thereby clearly withdrawn from the jury. *Clem* v. *State*, 42 Ind. 420, and cases cited; *Howard* v. *State*, 50 Ind. 190; *Wall* v. *State*, 51 Ind. 453.

For the error in giving the tenth instruction the judgment must be reversed. Some other questions are discussed, but as they may not arise upon a second trial, they need not be passed upon.

The judgment is reversed, with instructions to the court below to grant a new trial.

Filed April 4, 1884.

### DISSENTING OPINION.

ELLIOTT, J.—I heartily concur in what is said in the principal opinion as to the character of the appellant's scheme described in the indictment, and regret to be compelled to dissent from the holding on the tenth instruction. It seems to me that the instruction refers to the pleading, and if this be correct, then surely it was a proper instruction, for the question of the sufficiency of a pleading is exclusively for the court; the jury have nothing at all to do with it.

If the instruction be taken to be applicable to the evidence, it is, when considered in connection with the ninth instruction, not erroneous. The court has a right to tell the jury that if all the facts stated in an indictment are proved beyond a reasonable doubt, it is their duty to convict, but such a statement, like all other matters of law, must, under our Constitution, be left to the ultimate decision of the jury. Such a statement is a direction to the jury, such as any other instruction is, and it is one which the jury may take as merely advisory. It is no more error to give such a direction than it is to charge upon any other matter of law. In both cases, however, the jury must be told, as they were told in this case, that they are the exclusive judges of the law.

HAMMOND, J., concurs with ELLIOTT, J.

Filed April 4, 1884.