Ricketts v. Harvey et al.

Filed June 5, 1886.

---

No. 12,368.

· RICKETTS v. HARVEY ET AL.

PROMISSORY NOTE.—*Illegal Consideration.*—A promissory note, given in consideration of an agreement by the payee to use his influence to secure the acquittal of one prosecuted for a felony, can not be enforced.

SAME.—*Consideration Part Legal and Part Illegal.*—If the consideration of a promissory note is in part legal and in part illegal, and is indivisible, there can be no recovery upon such note.

INSTRUCTIONS TO JURY.—*Harmless Error.*—*Supreme Court.*—*Practice.*—An erroneous instruction, if harmless to the appellant, is not available for the reversal of the judgment.

·SAME.—*Trial Court not Required to Remedy Defective Instructions Asked.*—The trial court is not bound to remedy the defects in an instruction asked by a party, and unless he is entitled to have it given in terms as prayed, the court may refuse it.

From the Madison Circuit Court.

*C. N. Pollard, H. D. Thompson* and *T. B. Orr,* for appellant.
*J. W. Sansberry* and *M. A. Chipman,* for appellees.

ELLIOTT, J.—The appellant assails one of the instructions given by the trial court, but we feel bound, upon an exam-

ination of the record, to sustain the contention of the appel-lees, that as no exception was reserved no question is pre-sented for our consideration.

The record, however, is not free from confusion, and fear-ing that we may possibly be in error in holding that there was no exception, we have examined the question sought to be presented, and the result of our examination is, that, con-ceding that the instruction is erroneous, and conceding, also, that there was an exception, there can be no reversal. The record shows that no harm was done the appellant even if the instruction was erroneous. An answer returned by the jury to an interrogatory propounded to them shows that the promissory notes, upon which the appellant's cause of action is founded, were given for an illegal consideration. The in-terrogatory and answer to which we refer read thus : "Was not the consideration of the notes in suit that Hinton and Ricketts would use their influence to procure the acquittal of Miles Harvey, who was then being prosecuted in the How-ard Circuit Court upon a charge of having obtained goods of said Ricketts and Hinton under false pretences? An-swer : Yes."

An agreement to stifle or hinder a public prosecution for a felony is illegal, and a promissory note given in considera-tion of such an agreement can not be enforced. *Ricketts* v. *Harvey*, 78 Ind. 152; *Crowder* v. *Reed*, 80 Ind. 1.

Many decisions affirm that where it appears from the an-swers to interrogatories that the appellant could not have been harmed by an instruction, the judgment will not be re-versed although the instruction was wrong. *Worley* v. *Moore*, 97 Ind. 15; *Stockton* v. *Stockton*, 73 Ind. 510; *Ferguson* v. *Hosier*, 58 Ind. 438.

· If the promissory notes which constituted the cause of ac-tion upon which the plaintiff must recover, or not recover at all, were founded on an illegal consideration, then, no mat-ter what the court may have instructed upon the subject of an executed consideration, the verdict is right. The defence

which the answer to the interrogatory reveals renders a recovery by the plaintiff legally impossible. It cuts up his cause of action "root and branch." There may be cases where an instruction brings about, or tends to bring about, a wrong answer to an interrogatory, in which the judgment should be reversed, but this is not such a case.

The first instruction asked by the appellant was properly refused. If the consideration of a promissory note is in part illegal and in part legal, and is indivisible, there can be no recovery upon the note. There are cases where the consideration may be separated and the legal severed from the illegal, but, upon the facts assumed in the instruction under immediate mention, this can not be done, for upon those facts the legal conclusion is, that the taint of illegality permeates the entire consideration, fatally poisoning it. Where the illegal and the legal are so blended that they can not be separated, the whole consideration is corrupted.

If it was legally possible to separate the good from the bad, the instruction ought to have done so, and not have asked a recovery for the entire consideration. In cases where a severance is proper, there can only be a recovery *pro tanto*, and it was, therefore, error to ask, as the instruction before us does, a recovery upon the whole consideration on which the cause of action rested.

It is settled law that a court is not bound to remodel an instruction, by remedying its defects or removing its infirmities; unless the party is entitled to have it given in terms as prayed, the court may properly refuse it. *Goodwin* v. *State*, 96 Ind. 550, and authorities cited, p. 566.

The instruction was correctly refused for the reasons already given, but there are still other reasons which condemn it; of these it is only necessary to mention one, and that is, the instruction does not exclude the illegal element, but proceeds upon the hypothesis that, although there may have been a taint of illegality, still, if there was some other consideration, the plaintiff might recover. This is radically wrong. If the

agreement to interfere with the administration of the law entered into the consideration, then, unless it could be cleanly and clearly severed from the legal consideration, there could be no recovery, and no instruction can be deemed correct which assumes that there was a taint of illegality and asserts a right of recovery, unless it plainly directs the jury that the case is one where there may be a separation of the good from the bad, and informs them that, even if that be true, only so much of the contract as rests on the legal consideration can be enforced.

The second instruction asked by the appellant is embraced in one given by the court, and there was no error in refusing it. *Union M. L. Ins. Co.* v. *Buchanan,* 100 Ind. 63.

Judgment affirmed.

Filed April 15, 1886; petition for a rehearing overruled June 5, 1886.