## CULLEY v. STATE OF INDIANA.

### [No. 24,102.   Filed March 8, 1923.]

1. CRIMINAL LAW.— *Credibility of Witnesses.— Instructions.— Invading Province of Jury.*—In a criminal prosecution, the refusal of an instruction that, "if a witness is successfully impeached you may disregard his testimony, unless he is corroborated by other unimpeached testimony or circumstances in the case," was not error, as the jury are the sole judges of the credibility of the evidence, and in determining what evidence is credible they are not restricted to such evidence as has not been disputed or attempted to be impeached. p. 688.

2. CRIMINAL LAW.—*Instructions.—Refusal.*—It is not error to refuse a tendered instruction, unless it ought to be given precisely in the terms prayed. p. 688.

3. CRIMINAL LAW.—*Instructions.—Presumption of Good Character of Defendant.*—In a criminal prosecution, the refusal of an instruction that the law presumes that a person charged with a criminal offense has a good character or reputation until the contrary is shown by the evidence, and the jury has no right to consider a failure on the part of defendant to introduce evidence of his good character as a circumstance against him or as tending to prove his guilt, was not error, where, defendant having taken the stand in his own behalf, the state introduced evidence upon the question of his moral character, so that the instruction was not pertinent because it assumed that there was no evidence upon that subject. p. 689.

4. LARCENY. — *Evidence. — Description of Stolen Property. — Name of Owner.*—In a prosecution for larceny, the name of the owner of property stolen is a part of the description of such property, and must be proved or a conviction cannot be sustained. p. 691.

5. LARCENY.— *Evidence.— Sufficiency.— Owner of Stolen Property.*—In a prosecution for larceny on an affidavit charging the theft of a specified number of chickens belonging to a named person, the state, in order to convict, must prove the theft by defendant of at least one chicken which was the property of such person. p. 691.

From Posey Circuit Court; *Robert J. Tracewell,* Special Judge.

Prosecution by the State of Indiana against Raymond Culley. From a judgment of conviction, the defendant appeals. *Reversed.*

*John W. Spencer* and *John W. Spencer, Jr.,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* for the state.

WILLOUGHBY, J.—The charge is grand larceny. The affidavit was filed June 13, 1921, charging the defendant with the stealing of fifty chickens, committed on or about June 11, 1921. The chickens were alleged to be of the value of $40 and the property of one Emil Noelle.

No question is raised on the sufficiency of the affidavit. A plea of not guilty was entered and the case was tried by jury, and the jury returned a verdict as follows: "We, the jury, find the defendant guilty of petit larceny as charged in the affidavit and that he is thirty years of age."

The only error assigned is the overruling of appellant's motion for a new trial. Under that assignment appellant alleges that the court erred in refusing to give instruction No. 4, and instruction No. 8, and each of them, tendered by the defendant.

The appellant testified as a witness in his own behalf. Evidence was introduced on the part of the state impeaching the testimony of the defendant and also

1, 2. the testimony of one of the witnesses testifying on behalf of the defendant. There was also evidence tending to impeach one of the witnesses testifying on behalf of the state. As bearing upon this evidence the defendant tendered instruction No. 4, as follows: "The credit of a witness may be impeached by showing that he has made statements out of court contrary to and inconsistent with what he has testified on the trial concerning matters material or relevant to the issues, and, when such witness has thus been impeached about matters material and relevant to the issue, you have the right to reject all of the testimony of such wit-

ness, except in so far as the testimony of such witness has been corroborated by other credible evidence. Therefore, if a witness is successfully impeached, you may disregard his testimony, unless he is corroborated by other unimpeached testimony or circumstances in the case."

The infirmity of this instruction is found in the last sentence as follows: "Therefore, if a witness is successfully impeached you may disregard his testimony, unless he is corroborated by other unimpeached testimony or circumstances in the case." "Impeach" means to call in question, seek to disparage, to seek to prove unworthy of belief, to discredit; as to impeach the veracity of a witness. Anderson's Law Dictionary.

The jury are the sole judges of the credibility of the evidence and it is for them to determine how to arrive at the credibility of evidence. And in determining what evidence is credible they are not restricted to such evidence as has not been disputed, disparaged, or attempted to be impeached.

It is not error to refuse a tendered instruction, unless it ought to be given precisely in the terms prayed. *Roots* v. *Tyner* (1857), 10 Ind. 87; *Goodwin* v. *State* (1884), 96 Ind. 550; *Ricketts* v. *Harvey* (1886), 106 Ind. 564, 6 N. E. 325; *Diamond Block Coal Co.* v. *Cuthbertson* (1906), 166 Ind. 290, 76 N. E. 1060; *Knapp* v. *State* (1907), 168 Ind. 153, 79 N. E. 1076, 11 Ann. Cas. 604. The refusal to give this instruction was not error.

The appellant also contends that the court erred in refusing to give instruction No. 8, tendered by him, as follows: "The law presumes that a person 3. charged with a criminal offense has a good character or reputation until the contrary is shown by the evidence; and the jury has no right to consider

a failure on the part of the defendant to introduce evidence of his good character as a circumstance against him or as tending to prove his guilt."

In this case the defendant was a witness in his own behalf and on rebuttal the state gave evidence tending to impeach his testimony. When the defendant chooses to testify in his own behalf, he is upon the same plane as any other witness and his testimony may be impeached in the same manner as the testimony of any other witness may be impeached in a criminal case.

The state in this case introduced evidence tending to impeach the testimony of the defendant. There was also evidence introduced by the state concerning the general moral character of the defendant, but appellant claims that instruction No. 8 should have been given, and in support of his contention cites *Davidson* v. *State* (1893), 135 Ind. 254, 34 N. E. 972, and *Barker* v. *State* (1918), 188 Ind. 263, 120 N. E. 593.

In *Davidson* v. *State, supra,* such an instruction was given, but in that case no evidence had been introduced on the trial of the case touching the character of the appellant.

In *Barker* v. *State, supra,* an instruction substantially the same as No. 8, in this case, was refused. The Supreme Court in that case said: "This instruction assumes that no evidence was introduced at the trial tending to show that the reputation of appellant for truth and veracity and moral character was not good. And the record discloses the names of three witnesses who testified that appellant's reputation for morality was bad." So, in this case, the evidence having been introduced upon the question of the moral character of the defendant, the instruction tendered was not pertinent because it assumed that no evidence upon the subject had been given. When such is the case, the presump-

tion of law prevails that the defendant has a good moral character.   We find no error in refusing this instruction.

The appellant claims that the verdict is not sustained by sufficient evidence, in this, that there is no evidence showing the ownership of the chicken or chickens, in Noelle.   Also that there is no evidence of the taking and carrying away of any chicken or chickens.

4 5.

The affidavit charges that the defendant stole fifty chickens of the value of $40, of the personal property of Emil F. Noelle, and that this occurred on or about June 11, 1921.   By the evidence the state fixed the time of the stealing on June 11, 1921, at night.   In order to convict, the state must prove the stealing of at least one chicken by the appellant on the night of June 11, 1921, and that the chicken so stolen was the property of Emil F. Noelle, and of some value.

The name of the owner of property stolen is a part of the description of such property, and must be proved or the conviction cannot be sustained.   *Bell* v. *State* (1874), 46 Ind. 453; *King* v. *State* (1873), 44 Ind. 285; Rapalje, Larceny and Kindred Offenses §144.

From a careful examination of the evidence adduced in the trial of the cause we find none from which it could be reasonably inferred that any chicken or chickens belonging to the prosecuting witness, Noelle, were stolen on the night in question.   The verdict is not sustained by sufficient evidence.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.