## HAMMOND *v.* STATE OF INDIANA.

[No. 25,594.   Filed October 25, 1928.]

*Albert C. Stevens*, for appellant.

*Arthur L. Gilliom*, Attorney-General, and *Harry L. Gause*, Deputy Attorney-General, for the State.

GEMMILL, J.—Appellant was charged by affidavit with unlawfully selling intoxicating liquor, in violation of §4, ch. 48, Acts 1925, §2717 Burns 1926. He was tried by a jury, which found that he was guilty. Judgment of fine of $100, of imprisonment for a period of thirty days and for costs, was rendered on the verdict.

In this court, he has assigned as error that the court erred in overruling his motion for a new trial. Other errors assigned are included in the motion for a new trial.

The causes for a new trial are that the verdict of the jury is not sustained by sufficient evidence, that the verdict of the jury is contrary to law, that the judgment is not fairly supported by the evidence, and that the court erred in admitting certain evidence.

The appellant contends that the verdict is not sustained by sufficient evidence as the conviction was had upon the testimony of a named witness as to the facts substantiating the charge; while on a former trial of the defendant, this witness had testified to a different state of facts. It was the duty of the jury to determine if this witness told the truth in the trial under consideration. In *Jackson v. State* (1924), 194 Ind. 561, 143 N. E. 625, this court said: "Questions as to the credibility of witnesses, and as to what inferences shall be drawn from the facts proved, are for the jury and the trial court." The evidence was sufficient to sustain the verdict of the jury.

A character witness for the defendant, was asked the following question on cross-examination: "You know

it is your duty as township assessor to assess additional improvements of property?" An objection was made to this question, which was overruled. To this ruling, the defendant took an exception. The answer was: "In 1927 was not the year to assess real estate." The question did not constitute proper cross-examination; but the defendant could not have been injured by the evidence secured thereby. The error was harmless and this cause cannot be reversed because of it.

One of the causes for a new trial was: "The judgment is not fairly supported by the evidence." This is not a statutory cause. The statute provides for what causes new trials may be granted, and a new trial cannot be granted for any other cause.

It does not appear that the verdict of the jury was contrary to law. The appellant has failed to show that he was entitled to a new trial.

Finding no reversible error, the judgment is affirmed.