SPARKS *v.* STATE OF INDIANA

[No. 27,676. Filed June 8, 1942. Rehearing denied September 28, 1942.]

*Frank A. Symmes, Charles W. Symmes, Wray E. Fleming,* and *Owen S. Boling,* all of Indianapolis, for appellant.

*George N. Beamer,* Attorney General, *James K. Northam,* First Assistant Attorney General, *Robert E. Agnew,* Deputy Attorney General, and *Ralph M. Bounnell,* of Crawfordsville, for the State.

RICHMAN, J.—Appellant was charged by affidavit filed August 21, 1940, with having procured another to burn an automobile with the intent to defraud an insurance company by whose policy the car was insured against

fire. Before the trial appellee's motion for an order on appellant to produce the policy for inspection and use in evidence at the trial was sustained and appellant excepted.

At the trial the court admitted without objection appellee's written proof of loss executed May 1, 1940, which contained the policy number, date of expiration, coverage, and other usual details in such proofs. The opening words thereof read: "To the Home Ins. Co. of New York By your Policy of Insurance above described you insured Adrian Sparks (Herein after called Insured) . . . on Automobile described as follows:" Then follows complete description of automobile, date of fire and appellant's version of its cause. The proof also contains this sentence: "INSURED HEREBY CLAIMS OF THIS COMPANY and will accept from this Company in full release and satisfaction in compromise settlement of all claims under this policy the sum of $312.00." The proof was signed and sworn to by appellant.

Later the insurance policy was introduced in evidence over appellant's objection "that it was procured by order of the Court in violation of the Constitution of the State of Indiana." The court's rulings ordering its production and admitting it in evidence are claimed to be reversible error. The constitutional provision relied upon is the last sentence of Section 14, Article 1, Constitution of Indiana: "No person, in any criminal prosecution, shall be compelled to testify against himself."

Assuming without deciding that these rulings amounted to "testimonial compulsion" within the meaning of the constitutional provision, it does not necessarily follow that the judgment should be reversed. Even though a constitutional right

was invaded, it seems to us that the appeal is controlled by the usual rule that a judgment will not be reversed for harmless error.

The only fact proved or intended to be proved by the policy was its existence, that is, that the car was insured. The validity of the insurance was not in issue. Note, 17 A. L. R. 1168, 1182. Long prior to the procurement of the order appellant himself put into the possession of the insurance company, and made available to the State, over his own signature, executed under oath, original evidence, admissible without any further identification by him, establishing beyond question every material fact which the policy itself would tend to prove. Thereafter it would be futile to deny the insurance for he had already voluntarily furnished the proof of its existence.

Why the prosecuting attorney asked or the trial court entered the order we do not understand since it is well settled by *McGinnis* v. *State* (1865), 24 Ind. 500, 506, and the authorities collected in the note in 67 A. L. R. 77, that secondary evidence of a document in the possession of a defendant is admissible in evidence even without a demand for production. At no time after this prosecution was begun was the policy as evidence necessary or even important. Nor did the making of the order or the production of the policy in response give the State any information or lead to any information necessary to the State's case which was not already in its possession.

Appellant permitted the proof of loss based upon the insurance policy to be admitted in evidence without objection upon his part. His defense was not that the car was not insured but that it was not burned with his knowledge or consent. The fact of insurance was essential to the State's case but that fact was not con-

troverted by any evidence in the record. There could, therefore, be no harm in the introduction of the policy as cumulative proof that the car was insured unless the manner of its introduction was prejudicial. From the objection above quoted it is apparent that the jury could not know, except by inference from the fact that it ran to him, that he had ever had possession of the policy or that the order for its production had been issued against him. Without previous knowledge of the record the trial court could not have known and certainly the jury did not know that his objection was on the ground of self-incrimination. He was not put in the equivocal position, occasioned by demand in the presence of the jury, of producing or explaining the reason for non-production of evidence in his possession. See Note 110 A. L. R. 101.

The only other question raised is that the evidence is insufficient to sustain the verdict because the testimony of several witnesses is so improbable as to be incredible. They evidently were believed by the jury who were the judges of their credibility. There was some evidence to prove every essential fact. This is admitted by appellant who states the rule that this Court will not weigh the evidence but by implication asks that it be disregarded.

Judgment affirmed.

NOTE.—Reported in 42 N. E. (2d) 40.