McDonough *v*. State of Indiana.

[No. 29,916. Filed June 20, 1961. Rehearing
denied January 19, 1962.]

*Albert W. Ewbank,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Carl M. Franceschini,* of counsel, of LaPorte, for appellee.

JACKSON, J.—Appellant was charged by indictment with soliciting and accepting a bribe.

Trial by jury resulted in a verdict of quilty, judgment was entered on the verdict, and appellant was sentenced to the Indiana State Prison for an indeterminate period of not less than two nor more than fourteen years, fined in the sum of $3,600, disfranchised and rendered incapable of holding any office of trust or profit for a period of ten years.

The indictment in pertinent part reads as follows:

"The Grand Jury for the County of Marion in the State of Indiana, upon their oath do present that ———CECIL P. MC DONOUGH——— on or

about the 15th day of ———May———A.D. 1956, at and in the County of Marion and in the State of Indiana, then and there being an employee and a person holding an office of trust or profit under the laws of the State of Indiana, to-wit: Purchasing Agent for the State Highway Department of Indiana, did then and there unlawfully, feloniously and corruptly solicit the payment of the sum of three thousand six hurdred [hundred] ($3,600.00) dollars in lawful money of the United States, of and from one Arthur J. Mogilner, then and there and thereby intending to corruptly influence the official action of the said CECIL P. MC DONOUGH, concerning certain matters then pending or that might legally come before him, to-wit: advertising legal notices of bids for the purchase of certain equipment, namely, thirty-six (36) front end loaders for use by the State of Indiana; and that CECIL P. MC DONOUGH thereafter, pursuant to and in furtherance of said corrupt solicitation of money, to-wit: on or about the 28th day of December, A.D. 1956, did unlawfully, feloniously and corruptly accept the sum of two thousand nine hundred ($2,900.00) dollars in lawful money of the United States from the said Arthur J. Mogilner; and that CECIL P. MC DONOUGH thereafter, pursuant to and in furtherance of said corrupt solicitation of money, to-wit: on or about the 4th day of February, A.D. 1957, did unlawfully, feloniously and corruptly accept the said sum of seven hundred ($700.00) dollars in lawful money of the United States from the said Arthur J. Mogioner [Mogilner] then and there being ——— contrary to the form . . . ."

Appellant attacked the sufficiency of the indictment by motion to quash, which motion, in pertinent part, reads as follows, to-wit:

"1. That the facts stated in the indictment do not constitute a single public offense.

"2. That the indictment does not state the offense with sufficient certainty."

Thereafter the court overruled the appellant's motion to quash; the appellant waived arraignment, pleaded not guilty, and proceeded to trial. Appellant assigns as errors the overruling of his motion for a new trial and the overruling of his motion to quash. Appellant first contends that the indictment is uncertain because it charges both the solicitation and the acceptance of a bribe, and that the conviction of one charge is dependent upon the proof of the other. This court has recently held adversely to appellant's contention in the case of *Smith* v. *State* (1960), 241 Ind. 1, 168 N. E. 2d 199. The court there stated:

> "We therefore construe the law to be that if the forbidden acts may otherwise be joined in a single count it is not necessary that they occur simultaneously, but is sufficient that they occur in the ordinary course of the transaction, to which the several forbidden acts enumerated are related to each other.

> "We conclude, therefore that the separate acts of soliciting payment of a bribe, the acceptance of the promise of a bribe and the subsequent payment of such bribe, as contemplated by the accused, were transactions consummated within the time contemplated by the character of the transaction involved and that it was therefore proper to join the charge of such acts in single counts. For this reason the indictment was valid as against the motion to quash."

Appellant urges that the evidence is not sufficient to sustain the conviction. Admittedly, most of the evidence consists of the testimony of the witness Arthur J. Mogilner. There are numerous exhibits in the record, some being checks and some being carbons of original vouchers and checks. It is true that much of the written evidence, including the exhibits above referred to, would have been meaningless had not Mogilner explained the significance of such exhibits.

The principal argument by appellant is that no credence should be given Mogilner's testimony on the theory that the witness was a perjurer, convicted felon and bribe giver. Appellant asks that this court disregard the testimony of the witness Mogilner as it did in the case of *Sylvester* v. *State* (1933), 205 Ind. 628, 187 N. E. 669.

However, as we pointed out in *Tungate* v. *State* (1958), 238 Ind. 48, 147 N. E. 2d 232, and *Mattingly* v. *State* (1957), 236 Ind. 632, 142 N. E. 2d 607, the only evidence in the *Sylvester* case, *supra*, connecting appellant in any manner with the stolen automobile came from the mouth of a single witness who was an "admitted thief, admitted highway robber and admitted deserter from the navy, was, as to each of his material statements concerning appellant's connection with the stolen car, directly contradicted by himself under oath, by disinterested witnesses, by circumstantial evidence, and by physical facts."

These factors are not present in the case at bar, and as indicated in *Mattingly* v. *State, supra,* and *Tungate* v. *State, supra,* the *Sylvester* case, *supra,* is clearly distinguishable on the facts in the record here.

The appellant next urges that the verdict was contrary to law. The appellant presents on that question the same argument as was presented with regard to the sufficiency of the evidence. Appellant alleges that there was no probative evidence on the part of the charge concerning the solicitation. We think, without question, the record shows a solicitation on the part of the appellant, the evidence concerning the solicitation of bribes for the front-end loader is somewhat in doubt on the one point, that is, who solicited who, in other words did Mogilner solicit the appellant or was it the other way around? The question appears

to be immaterial in view of this court's holding in the *Smith* case, *supra,* as set out on page 204 of 168 N. E. 2d on the question of variance raised in that case.

Appellant next argues that the admission of certain vouchers in evidence over appellant's objections constituted reversible error. These exhibits were vouchers and checks of A. J. Mogilner, distributor. Mogilner testified that they were carbons of the original vouchers and checks, the paper being perforated between the check at the bottom and the voucher at the top on the original. These carbon copies contain no perforations. Mogilner testified that he wrote checks and vouchers at the same time, then separated the checks and destroyed the original vouchers. The objections in the record are that the exhibits were self serving, not the original, and are not relevant to the issues.

These records, according to Mogilner, were made by him at the time of issuing the checks, thus to this extent they would come under the shopbook rule. *State ex rel.* v. *Central States Bridges Co.* (1912), 49 Ind. App. 544, 97 N. E. 803; *Gilmore* v. *Merritt et al.* (1878), 62 Ind. 525; See: 13 I. L. E., Evidence, §162, pp. 37, 38.

The carbon copy is merely a counterpart of the original and as such it is admissible. *Weaver* v. *Shipley et al.* (1891), 127 Ind. 526, 535, 27 N. E. 146.

Since these records are admissible under the shopbook rule it is immaterial whether or not they are self serving. They might affect the credibility of the witness, but not his competency. The vouchers are relevant, for they state for what purpose the payments were made, that being the

crux of the whole case. Written instruments which relate to the issues are admissible to corroborate a witness's testimony. 98 C. J. S., Witnesses, §648, p. 672.

The fact that a conspiracy may be inferred from the evidence does not make that evidence inadmissible to prove relevant parts of a bribery indictment. *Higgins* v. *State* (1901), 157 Ind. 57, 60 N. E. 685; *Loveless* v. *State* (1960), 240 Ind. 534, 166 N. E. 2d 864, 867.

The next contention of appellant concerns the refusal by the trial court to give two tendered instructions. Instruction number two as tendered by the appellant reads as follows:

> "If you find from the evidence that witness, Arthur J. Mogilner, has been convicted of a felony and has committed past acts of perjury, then you are instructed that these facts tend to impeach the truthfulness of said Arthur J. Mogilner, and the jury should consider these facts in estimating the weight which ought to be given to his testimony; if the testimony going to impeach his credibility is so strong as to satisfy your minds that you cannot believe anything he may have testified to, you should find for the defendant."

Instruction number four tendered by the appellant reads as follows:

> "The evidence in this case is conclusive that the witness, Arthur J. Mogilner, has been convicted of a felony and has committed past acts of perjury, and the jury is instructed by the Court that this evidence tends to impeach the truthfulness of said Arthur J. Mogilner, and the jury should consider this evidence in estimating the weight which ought to be given to his testimony; and if the jury believes from the evidence that the moral character of said Arthur J. Mogilner has been successfully impeached on this trial, then that fact should also be taken into consideration

in estimating the weight which ought to be given to his testimony."

The court gave instruction number seventeen which reads as follows:

"If you should believe from the testimony in this case that any witness or witnesses have wilfully and intentionally testified falsely to any material fact in the case, intending by such false testimony to mislead and deceive as to the truth in the case, you may under such belief disregard the whole or any part of the testimony of such witness or witnesses, if, in your opinion, you are justified under your oath in so doing, and except in so far as the same may be corroborated by other credible testimony."

It is urged that this instruction did not sufficiently cover the matter of the credibility of the witnesses, especially such a witness as Mogilner. There may be merit in such contention, but the two instructions offered by appellant in its place or to supplement it were not proper and were correctly refused by the court. Both of these instructions seriously attacked the witness, Mogilner. This court stated in *Nordyke* v. *State* (1938), 213 Ind. 243, 256, 11 N. E. 2d 165,

" . . . The law has no theories concerning the credibility of witnesses, except that their credibility is to be determined by the jury. . . ."

The jury in this State is the sole judge of the credibility of a witness, and the court has no right to invade that province. *Sparks* v. *State* (1942), 220 Ind. 343, 347, 42 N. E. 2d 40; *Hammond* v. *State* (1928), 200 Ind. 343, 344, 163 N. E. 262; *Culley* v. *State* (1923), 192 Ind. 687, 689, 138 N. E. 260.

"Whether an instruction in a criminal case is erroneous as invading the province of the jury

is to be tested by the question whether the court intimates its opinion as to the credibility of witnesses or weight to be given the testimony. . . ." *Bohan* v. *State* (1924), 194 Ind. 227, 239, 141 N. E. 323.

Instructions two and four were properly refused because they singled out the witness Mogilner personally.

In this State it is error to single out the testimony of any one specific witness, and instructions on credibilities should be directed to all of the witnesses generally. *Swanson* v. *State* (1944), 222 Ind. 217, 219, 52 N. E. 2d 616.

Finally, appellant asserts that there is a variance between the evidence and the verdict which is fatal to such verdict and judgment. This variance is purported to be that the checks for the money involved herein were from A. J. Mogilner, distributors, and not from Mogilner personally as charged in the indictment. It was pointed out in *Smith* v. *State, supra,* that a variance may cause a reversal when the defendant is misled or when the evidence may not preclude a second jeopardy. The variance here, if any, will not result in either of these situations. In any subsequent trial the same evidence could not be used to convict on the same charge of solicitation or bribery.

The judgment of the trial court is affirmed.

Landis, C. J., Achor, Arterburn and Bobbitt, JJ., concur.

NOTE.—Reported in 175 N. E. 2d 418.