PRITCHARD *v*. STATE OF INDIANA.

[No. 30,728. Filed October 11, 1967.]

*John B. McFaddin,* of Rockville, for appellant.

*John J. Dillon,* Attorney General, and *Michael V. Gooch,* Deputy Attorney General, for appellee.

HUNTER, C. J.—This is an appeal from a criminal action instituted and tried in the Parke Circuit Court before a jury. The appellant and her co-defendant husband, Ralph Pritchard, were charged in an indictment in one (1) count with violation of § 350, ch. 169 of the Acts of the Indiana General Assembly (1905) Burns' Ind. Ann. Stat. § 10-3404 (1956 Replacement) defining the offense of murder in the second degree.

After trial the jury returned its verdict finding the appellant guilty of manslaughter and finding her co-defendant, Ralph Pritchard, not guilty of any charge.

The motion for new trial and assignment of error presents two (2) propositions for this Court to decide. One of the allegations of error presented by the appellant on this appeal is that the state's instruction No. 24 which reads as follows:

"The Court now instructs you that if you should find that Margaret Pritchard or Ralph Pritchard or either one of them were guilty of cruelty or neglect of Kathy Jean Pritchard and that as a result of such cruelty or neglect beyond a reasonable doubt Kathy Jean Pritchard did sicken, languish and die, *then you shall find such defendant guilty of involuntary manslaughter.*" (our emphasis)

was given by the court as a mandatory instruction. Said instruction was timely objected to and assigned as a specification of error in the appellant's motion for a new trial in the court below.

The appellant in his brief advances the proposition that the giving of such mandatory instruction is erroneous for the reason that it invades the province of the jury and is prejudicial to the appellant. In support of such contention the following citations of case law are advanced:

"This being a criminal case, the determination of the admissability of the evidence is a function alone of the trial court, but the weight of the evidence, the inferences to be drawn from the facts proved, and whether the defendant has violated the law are matters exclusively for the jury. *Juskulski* v. *State* (1933), 206 Ind. 503, 190 N. E. 423, citing *Bryant* v. *State* (1933), 205 Ind. 372, 186 N. E. 322; *Sprogue* v. *State* (1932), 203 Ind. 581, 181 N. E. 587 and others.

In criminal cases, while the court may advise the jury as to the law and what facts are entitled to consideration on a given phase of the case, *he may not direct a verdict if certain testimony is believed.*" (our emphasis) *Bryant* v. *State, supra; Sutherlin* v. *State* (1897), 148 Ind. 695, 48 N. E. 246; *Hudelson* v. *State* (1884), 94 Ind. 426.

It would seem to us that in a consideration of mandatory instructions in criminal cases we are inevitably drawn back to the language of Art. 1, § 19 of the Constitution of the State of Indiana which reads as follows:

"Jury in criminal cases—Right to determine law and facts.—In all criminal cases whatever, the jury shall have the right to determine the law and the facts."

We are cognizant of the rule as stated in Ewbank's *Indiana Criminal Law*, Symmes Ed., § 421, p. 264 which reads as follows:

> "The court may give an instruction which enumerates all the elements of the offense charged, and it may tell the jury that if such facts are found beyond a reasonable doubt it is their duty to convict, but if any essential element is omitted from such a mandatory instruction, it constitutes reversible error." *McDonough* v. *State* (1961), 242 Ind. 376, 175 N. E. 2d 418; *Flowers* v. *State* (1956), 236 Ind. 151, 139 N. E. 2d 185.

A careful review of the case of *McDonough* v. *State, supra,* cited in support of said rule fails to reveal its applicability to the question here raised. The thrust of the *McDonough* opinion is to reaffirm the rule that the jury is the sole judge of the credibility of a witness and that the court has no right to invade that province. It does not bear by direct reference on the constitutional right of the jury to determine the law.

In the case of *Flowers* v. *State, supra,* that case was directed primarily to the burden of proof necessarily incumbent upon the State where a plea of not guilty by reason of insanity is an issue in the cause.

In the *McDonough* case, this Court held that the appellant's tendered instructions numbered 2 and 4 would have required the trial court to instruct the jury on the testimony of a specific witness and would have required the jury to find that it could not believe any testimony given by such witness. This court in the *McDonough* case therefore approved the general instruction given by the court which reads as follows:

> "If you should believe from the testimony in this case that any witness or witnesses have wilfully and intentionally testified falsely to any material fact in the case, intending by such false testimony to mislead and deceive as to the truth in the case, you may under such belief disregard the whole or any part of the testimony of such witness or witnesses, if, in your opinion, you are justified under your oath in so doing, and except in so far as the same may be corroborated by other credible testimony."

And this Court then stated that the general instruction did not sufficiently cover the matter of the credibility of witnesses especially such a witness as Mogilner. On appeal this Court held that appellant's objections to the Court's refusal to give tendered instructions numbered 2 and 4 were not valid and could not be given to supplement the above general instruction for the reason that they were not proper and therefore were correctly refused by the trial court. The Court in said case stated:

> "Both of these instructions seriously attacked the witness, Mogilner. This court stated in *Nordyke* v. *State* (1938), 213 Ind. 243, 256, 11 N. E. 2d 165, '. . . The law has no theories concerning the credibility of witnesses, except that their credibility is to be determined by the jury . . .' "

The rule is well settled in this State that the jury is the sole judge of the credibility of a witness and the Court has no right to invade that province. *Sparks* v. *State* (1942), 220 Ind. 343, 347, 42 N. E. 2d 40; *Hammond* v. *State* (1928), 200 Ind. 343, 344, 163 N. E. 262; *Culley* v. *State* (1923), 192 Ind. 687, 689, 138 N. E. 260. We construe the above cited cases as stating that an instruction in a criminal case is erroneous as invading the province of the jury to the extent that the Court would be intimating an opinion of the credibility of witnesses or the weight to be given to their testimony.

In the case of *DeBoor* v. *State* (1962), 243 Ind. 87, 182 N. E. 2d 250, cited in support of the rule as announced in Ewbank's, *supra,* the only element of said case considered or discussed by the Court in that opinion is recited as follows:

> "Appellant's instruction no. 43 is mandatory in nature. It does not contain a complete statement of the law upon the subject and for this reason was properly refused."

Therefore, it should be borne in mind that this was a comment upon a tendered instruction by the defendant that was man-

datory in nature and did not involve an instruction tendered by the State that was mandatory in nature and under the rule of the presumption of innocence of the defendant in regard to a State's mandatory instruction, would have no applicability to the question presented in this appeal. For to say that a defendant's mandatory instruction which was refused properly by the court inferentially would give the right to the State to ask for a mandatory instruction on the facts and the law, to-wit: "You shall find the defendant guilty" certainly would have to be construed as an invasion of the jury's right under the Constitution to find the facts and to determine the law.

Therefore it appears to us that the rule as stated in § 421, Ewbank's, *supra,* dealing with mandatory instructions in criminal cases is not supported by the cases cited there and do not in any way uphold the rule that a mandatory instruction on the facts and the law that would require conviction are proper under any circumstances.

In § 416, Ewbank's, *supra,* (1965-66 Supp.) under the general heading of JURY AS JUDGES OF LAW, the only and perhaps the leading case in Indiana, *Beavers* v. *State* (1957), 236 Ind. 549, 141 N. E. 2d 118, does not support the right of a trial court to give a specific mandatory instruction on the facts and the law in the case. While in the *Beavers* case, it was stated that the U. S. Supreme Court had said that Indiana and Maryland today are the sole survivors of an archaic constitutional provision that a jury may determine the law in criminal cases it is nevertheless recognized and is still the constitutional provision in Indiana. 52 Harvard Law Review (1939) and the Notre Dame Law Review in 1949 pp. 356-66 recognize that Indiana is among the few states which cling to what is there termed an outmoded relic. It is nevertheless still the constitutional rule in Indiana.

In the *Beavers* case, instruction no. 12 given by the trial court read as follows:

"The Constitution of this state makes the jury the judge of the law as well as the facts. But this does not mean that the jurors may wilfully and arbitrarily disregard the law, nor that they make and judge the law as they think it should be in any particular case. It means that the jurors, under their oaths, should honestly, justly and impartially judge the law as it exists, and as it is found upon the statutes of our state, in each particular case. It does not mean that the jurors may so judge the law in any case as to make it null and void and of no force, but that they shall so judge the laws as to give them a fair and honest interpretation, to the end and to the effect that each and every law, in each and every case, may be fairly and honestly enforced. Any other interpretation of the law and its penalties in all criminal cases where it is shown by the evidence, beyond a reasonable doubt, to have been violated, contempt for the law is bred among the very class that it is intended to restrain. The facts must be so judged and found by the jury from a careful consideration of all the testimony given by the witnesses in the case, and under your oaths, you have no right to arbitrarily disregard either the law or the facts in the case, without just cause, after a fair and impartial consideration of both."

It should be readily noted upon a reading of said instruction that it is only a guideline, general in nature, which provides criteria for the jury in its approach to its serious duties in the trial of a criminal cause. The *Beavers* case concerned appellant's tendered instruction no. 9 which in the latter part thereof stated as follows:

"These instructions, however, are not given for the purpose of controlling your judgment but are intended only to aid you in understanding the law. You have a right to disregard them altogether if you desire and to determine what the law of this case is for yourselves."

This Court held that such instruction would have given the jury the specific right to disregard the law altogether and was clearly erroneous.

We are therefore convinced after a careful reading of the *Beavers* case that the primary rule decided therein was to

the effect that a defendant was not entitled to an in- instruction telling the jury that they may "disregard the law" and it further appears to us that in the *Beavers* case this Court was reaffirming the discussion of the Constitutional provision as found in *Anderson* v. *State* (1886), 104 Ind. 467, 4 N. E. 63. On petition for rehearing in *Anderson* we find the following statement referring to § 19 of Art. 1 of the Bill of Rights of the Indiana State Constitution:

"In a more comprehensive sense (it) may be said to be a privilege or immunity recognized or conferred by competent authority."

Further in said case it is stated that this provision of § 19

". . . evidently means that the jury have the right to determine all questions of law applicable to such matters as they are required to consider in making up their verdict, but can not be rightfully construed to mean that the jury are the sole judges of the law in *every respect* in a criminal cause. *Thus instructing the jury involves, in a qualified sense at least, the exercise of a judgment upon all matters of law concerning which the judge must give information to the jury.*" (our emphasis)

Although the *Anderson* case, *supra,* stated that an instruction which tends to infer that the jury may "disregard the law" and determine the law "as it sees fit" is erroneous, the court nevertheless recognized *that a jury had such power.* But, said power was *not founded on a legal or moral right.* In other words *the court seemed to recognize the power* but cautioned that such privilege and immunity should properly, in a legal and moral sense, be exercised only with restraint.

Consequently, the jury is, not strictly speaking, the sole judge of the law *in all its relations to a criminal case.* However, the *Anderson* case, *supra,* does in fact state that they have the right to determine the law pursuant to the right conferred by the Constitution.

In the case of *Hudelson et al.* v. *State, supra,* the Court stated as follows at p. 431:

"Paraphrased, the instruction is a charge to the jury that, if the facts stated in the indictment were proven beyond a reasonable doubt, they must convict the defendants, and that they had no right to determine the question as to whether those facts constituted a public offence.

This, we think, is not the law; the instruction is, therefore, erroneous."

It is also stated in *Hudelson, supra,* at p. 430:

"The jury have *no* right to base an acquittal upon their notion alone that the indictment is not sufficient; they have *no* right to determine that the indictment is not sufficient in form, or that it was not properly found and returned; they must act upon the law and the evidence, when the case comes before them. But they have the undoubted right, under the Constitution and the decisions of this court, to say that the facts in evidence *do not constitute a 'public offence,'* although those facts may be the same facts stated in the indictment. If this be not so, then the jury will be compelled to convict in all cases where the facts stated in the indictment are proved, *although they may think that the facts so proved do not constitute a public offence. This would be, practically, to take from the jury the right to pass upon the law in all cases."* (our emphasis)

In the exercise of such right it has been stated by our Supreme Court in *Bryant* v. *State, supra,* at p. 380:

"The jury in its deliberation may consider the constitution, the common law, the statutes, the decisions of courts of last resort, the instructions of the court and the argument of counsel, and *determine the law for themselves. They may interpret the law in the light of the facts adduced."* (our emphasis)

In a discussion of the constitutional privilege afforded to juries in criminal cases:

"It has been frequently held that where there is testimony which has any legal effect in a cause it would be error in the court to determine the weight of it or the fact which it

does or does not prove." *Sutherlin* v. *State, supra,* and cases cited at p. 702 therein.

Where the jury have been instructed under the Constitution that the jury have the right to determine the facts and the law, another instruction, mandatory in nature, taking that right and power away from them is not cured by the former. *Newport* v. *The State* (1894), 140 Ind. 299, 39 N. E. 926.

While it is the duty of the court to give instructions as to the law of the case, it is error to give instructions in criminal cases which seek to impose restrictions upon the minds and consciences of the jury when such instructions conflict with an express provision of the Indiana Constitution. *Schuster* v. *State* (1912), 178 Ind. 323, 99 N. E. 422.

Under our Constitution, a judge who gives the jury a binding, specific and mandatory instruction on the facts and law in a criminal case commits error thereby just as surely as the judge who instructs a jury that they may "disregard the law" as laid down by the court. 53 Am. Jur. 600, n. 16; 72 ALR 911. A mandatory instruction in a criminal case that would, in fact, bind the minds and consciences of the jury to return a verdict of guilty upon finding certain facts, clearly invades the constitutional province of the jury. We arrive at this conclusion because the clear and plain language of our Constitution, in declaring the right and power of the jury to determine the law in criminal cases, has a real and specific application to criminal prosecutions in this state.

Serious concern has often been expressed that under Art. I, § 19 of the Constitution of Indiana, the jury has the right to find a person guilty who should be acquitted. However, such a possibility is not, in our opinion, as serious a threat to the rights of a defendant as a specific and mandatory charge, such as is embraced in instruction number 24 which was given by the trial court in the instant

case. A trial court has an inherent power and duty by granting a motion for a new trial, to correct a "runaway" verdict which would convict an innocent man. And if that court fails in its responsibility, this Court has the same power and duty on appeal.

If to some it appears that Art. I, § 19 is an "outmoded relic," is "archaic," or is "anachronistic," (views in which we do not necessarily concur) then there is a very clear method for amending our Constitution which they may pursue. For the moment, however, we are governed by the general rule that constitutional provisions are to be liberally construed as they stand. We may not, under the guise of judicial interpretation, accomplish a constitutional amendment by judicial fiat, nor are we inclined to do so.

It appears to this Court that Art. I, § 19 taken in connection with the presumption of innocence is far from an outmoded, archaic anachronism. Rather, despite its venerable age, it appears to be in the vanguard of modern thinking with regard to the full protection of the rights of the criminal defendant.

For the foregoing reasons, the judgment of the trial court is reversed with instructions that the cause be remanded for a new trial.

Jackson, Lewis, and Mote, JJ., concur.

Arterburn, J., dissents with opinion.

DISSENTING OPINION.

ARTERBURN, J.—The appellant was convicted of the charge of manslaughter of her one year old daughter because of failure to provide proper and sufficient medical attention and food to sustain life. The sole reason given in the majority opinion for reversing the conviction is that the court gave what is called a "mandatory" instruction, telling the jury that if they found the evidence proved the facts in the charge

alleged, they should find the defendant guilty. The instruction given is as follows:

> "The Court now instructs you that if you should find that Margaret Pritchard or Ralph Pritchard or either one of them were guilty of cruelty or neglect of Kathy Jean Pritchard and that as a result of such cruelty and neglect beyond a reasonable doubt Kathy Jean Pritchard did sicken, languish and die, then you SHALL find such defendant guilty of involuntary manslaughter."

It is admitted there is nothing incorrect in the legal statement of this so-called mandatory instruction. It does state the law correctly, but the mere form of language (the majority opinion concludes) is sufficient grounds for reversing this case. The instruction plainly tells the jury what they should do or what their duty is if the indictment is proved. In my judgment, this is a pure technicality, without merit, which reverses a conviction. It is to be deplored that a reversal of a conviction is based upon technical language of such nature alone.

A proper function of a court is to tell the jury what its duty is with reference to the law. Although it is true the constitution says the jury shall have the right to determine the law and the facts, it also places upon the courts in our judicial system under Art. 7, Sec. 1, responsibilities with reference to a trial, including how to properly instruct the jury as to its duties.

I further point out that under the scope of the majority opinion, no mandatory instruction can properly be given to the jury, even though it correctly states the law. Such a principle is as injurious to a defendant as to the State in a criminal case. It cuts both ways, since likewise a court may not instruct a jury, telling it in a mandatory fashion that it should acquit a defendant if it finds the facts to be such as show his acts were in selfdefense in a homicide case, for example. In such a case the court would be infringing on the exclusive

province of the jury if we accept the theory of the majority opinion that the court cannot tell the jury what its duty is under the law.

If a jury may not be told by the court that if the indictment is proved beyond a reasonable doubt a defendant should be convicted (as the instruction in this case), then, likewise, under the purport of the majority opinion by a directed verdict (which, in fact, is a mandatory instruction) it may not tell the jury when it should acquit a defendant, since under the majority opinion, the jury is always the final judge of the law and the facts in a case under the interpretation given to the constitutional provision. If the jury is the "sole" or "exclusive" judge of the law and facts in a criminal case (which the constitution does not say, but which is the effect of the majority opinion) then a court may not set aside a jury verdict which it believes erroneously, under the law and facts, convicted an innocent defendant.

The Constitution did not make the courts impotent, ineffective figureheads. They are created by the Constitution for a proper function. They have a duty to perform in criminal cases, namely, to see that the guilty are punished and the innocent freed in accordance with the law. Courts have a duty in a criminal case to tell a jury in what cases under the law a defendant should be found guilty and in what cases they are innocent. The jury should be informed as to its duty. When instructions are given as to duties, they necessarily have to be in mandatory form or in the grammatical style of the instruction in this case. *Beavers* v. *State* (1957), 236 Ind. 549, 141 N. E. 2d 118.

For these reasons I cannot concur in the majority opinion, since it makes courts impotent in attempting to keep the actions of a jury within the bounds of the law and constitution. The duty of the court is to protect the innocent from the arbitrary and inflamed actions of a jury, as well as the

guilty, by instructing it when, under the law, it has a duty to acquit and when it has a duty to find the defendant guilty.

NOTE.—Reported in 230 N. E. 2d. 416.