**Billy Keith CARMON, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 1084S419.

Supreme Court of Indiana.

Dec. 3, 1986.

Susan K. Carpenter, Public Defender, Sheila K. Zwickey, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

This is an appeal from a denial of post-conviction relief. In his original jury trial appellant was convicted of second-degree murder and sentenced to life imprisonment. That conviction was affirmed in *Carmon v. State* (1976), 265 Ind. 1, 349 N.E.2d 167.

In his petition for post-conviction relief, appellant first claims he was denied effective assistance of trial counsel. Although appellant was represented in his trial by Cecil Cohen and James F. Stanton, his claim of incompetence of counsel appears to be centered upon Stanton's performance at trial. He claims Stanton failed to call as a witness Robert Gasky, who was incarcerated in the state prison at the time of the trial, failed to interpose the defense of insanity and failed to timely object to questions regarding an unrelated robbery.

Prior to Stanton's entering his appearance in the case, Cohen had filed preliminary pleadings suggesting insanity. This resulted in the appointment of two examining psychiatrists who found appellant to be competent. At the post-conviction relief hearing, Stanton testified that he did not think he had any medical personnel that would testify that appellant was incompetent; therefore, the issue was not pursued.

Appellant also claims his attorneys told him to testify in certain ways that were incorrect; however, he does not elaborate on this statement. Thus we have nothing in this record upon which to pass judgment in that regard.

Appellant claims his counsel failed to object to repeated references by the prosecutor to a robbery allegedly committed by appellant. At the post-conviction relief hearing, appellant testified that Stanton wanted to object to the testimony but Cohen would not allow him to raise the question. This question was fully dealt with in the original appeal. *Carmon, supra.* There we held that the trial judge thoroughly admonished the jury to disregard all testimony regarding the robbery. We held that the admonishment cured any error. We therefore will not discuss the matter further in this opinion.

■ As to appellant's question concerning his counsel's failure to call Gasky as a witness, Stanton testified that appellant did not insist that Gasky be called and that Stanton entertained reservations about calling him considering his background and his possible reluctance to testify. Throughout this trial counsel faced many decisions as to what tactics they should follow to present the best possible attack on the State's case and the best possible defense in behalf of appellant. We must approach this question on the presumption that counsel acted competently. Counsel's conduct will not be reviewed in light of hindsight but rather from counsel's perspective at the time.

■ We will not speculate as what might have been the most advantageous strategy in a particular case. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *Elliott v. State* (1984), Ind., 465 N.E.2d 707. We see nothing in appellant's presentation of evidence in his post-conviction relief hearing that overcomes the presumption of competence of either of the trial counsel.

■ Appellant next contends the original trial court erred in giving Instruction No. 3 to the jury. Under Ind.R.P.C.R. 1, § 1(b), it is specifically stated that the remedy afforded therein is not a substitute for appeal; therefore, the question concerning the giving of the instruction could have been objected to by the State. However, they did not choose to do so. Where the State chooses to meet a petitioner's allegation on its merits, as they did in this case,

we are forced to do likewise. *Langley, Richardson v. State* (1971), 256 Ind. 199, 267 N.E.2d 538.

We therefore turn to the question of whether this previously unraised question constitutes fundamental error. To support his position of fundamental error, appellant cites the case of *Pritchard v. State* (1967), 248 Ind. 566, 230 N.E.2d 416. In *Pritchard* we held that the Court may give an instruction which enumerates all the elements of the offense and may tell the jury if such facts are found beyond a reasonable doubt it is their duty to convict. If the court, in giving such an instruction, omits an essential element from the mandatory instruction, such omission constitutes reversible error.

The instruction in the case at bar does in fact set out the various elements beginning with the most serious charge against appellant, that being second-degree murder. The instruction then goes on to set out the elements of the various lesser included offenses of voluntary manslaughter and involuntary manslaughter and concludes by observing that if the jury entertains reasonable doubt from all of the circumstances and facts in the evidence as to whether appellant was guilty "then you will find the defendant not guilty."

This Court has held that the error in the giving of a mandatory instruction is obviated if the court additionally instructs the jury on the elements of the offense and the presumption of innocence and the fact that the jury is the judge of the law and the facts. *Barker v. State* (1982), Ind., 440 N.E.2d 664. In addition to the content of Instruction No. 3, we also note in the record that Instructions Nos. 4, 5 and 6 instructed the jury on the elements of the various offenses and that Instruction No. 15 instructed the jury on malice. Instructions Nos. 7 and 8 fully instructed the jury on the presumption of innocence. Instruction No. 18 instructed them that they were the judges of the law and the facts. When the instructions in this case are taken as a whole, they correctly and adequately instruct the jury concerning their duties.

We hold the trial court did not commit fundamental error in giving Instruction No. 3.

The trial court is affirmed.

All Justices concur.