Andrew CHENEY, Appellant,

v.

STATE of Indiana, Appellee.

No. 684S251.

Supreme Court of Indiana.

Dec. 17, 1985.

Susan K. Carpenter, Public Defender of Indiana, C.H. Gardner, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Attempted Voluntary Manslaughter. The jury also found appellant to be an habitual offender. The court imposed a ten (10) year sentence for the felony which was enhanced by thirty (30) years based upon the habitual offender finding.

The facts are: Appellant, his wife, Bill Brooks and Mary Blake sought admission to the Eagles Club in Booneville, Indiana. Blake was denied admission because she was wearing shorts. Appellant and his wife entered the club while Brooks and Blake left to change clothes. When Brooks and Blake returned, they were denied admission to the club on the ground Brooks had been involved in an earlier incident at the club. Appellant left the club and attempted to intercede on Brooks' behalf. Appellant and Brooks began to argue with Polk, a trustee of the club. Appellant then threatened to shoot the next person to exit the club. Appellant and his friends then turned and began to walk to their vehicles.

Dennis Rust left the club at the time these events were transpiring. He heard the sound of a gun mechanism followed by a shot. Rust was struck on the right side by a bullet which exited his body. A club employee saw appellant place a "long gun" in his automobile. Another patron observed appellant's automobile flee the scene.

Appellant was apprehended a short time later at a nearby tavern. The police confiscated a .22 caliber rifle from his automobile. The police also recovered a spent .22 casing at the scene of the shooting. Laboratory work indicated the casing had been fired from the gun recovered in appellant's vehicle.

Appellant argues the trial court erred when it admitted State's Exhibit Number 3, a statement made by Harry Powell to the police on the night of the incident. Powell was collecting the admission fee at the door of the club that evening. He was a witness to the argument involving appellant, Brooks and Polk. In his statement, Powell indicated he heard appellant threaten to shoot the next person to step outside. Powell was called by the State during its case in chief. In his trial testimony Powell stated that appellant only said, "I just dare you to step outside." Powell was then asked if appellant said what he would do if he (referring to Polk) did step outside. Powell replied in the negative.

Later in Powell's testimony the State sought to refresh his memory by showing him the portion of the statement which referred to appellant's threat. The State was hampered in this attempt due to the witness' inability to read. Out of the presence of the jury, the State read the statement to the witness and offered it in evidence. It is apparent the reading of the statement to the witness did refresh his recollection. He verified the statement as being correct. The admission of the state-

ment into evidence though error was harmless. *See Kinnel v. State* (1985), Ind., 476 N.E.2d 825.

Appellant maintains the trial court erred when it admitted several photographs which depicted the exterior and interior of the Eagles Club. These exhibits were admitted during the testimony of Polk. He testified the photographs fairly depicted the club on the night of the incident. However, he could not testify as to the time or manner in which the photographs were taken. Appellant contends this is necessary to establish a proper foundation.

The admission of photographic evidence must be preceded by the laying of a proper foundation which requires testimony that the photographs are a true and accurate representation of the things they intend to portray. *Brim v. State* (1984), Ind., 471 N.E.2d 672. We find a proper foundation was established to admit the photographs.

Appellant claims the trial court erred in admitting a taped statement he gave the police on the morning following the incident. Appellant contends the tape was inadmissible as the State failed to establish a proper chain of custody. An officer testified that while the tape was in his custody a transcript of it was prepared. The tape was then given to the State Police and later to the local prosecutor. The officer testified he had, shortly before trial, compared the tape and the transcript and found them to be identical. We find the State did establish a proper chain of custody to support the admission of the tape. *See Wagner v. State* (1985), Ind., 474 N.E.2d 476.

Appellant argues the trial court erred when it twice denied his motion for mistrial based on allegedly improper comments made during final argument in the habitual offender phase. On the first occasion the prosecutor, after commenting on appellant's past criminal record, called appellant a "drain on society." The second remark was made in the context of argument on the question of whether the jury has discre-

tion in determining if appellant is an habitual offender. The prosecutor made the following statement: "Now, he's a four (4) time loser, from your evidence. And how long do we have to, to countenance that before they become habitual offenders. Now, Mr. Scales has looked you flat in the eye and told you to disobey the law." Appellant argues these remarks constituted an attempt to imply the jury should convict appellant on matters other than the evidence produced at trial. He also argues the comments were attempts to inflame the passions and prejudices of the jury. Additionally, he maintains these statements are analogous to those criticized in *Johnson v. State* (1983), Ind.App., 453 N.E.2d 365.

The State argues appellant has not demonstrated he was prejudiced by the comments. The State contends the statements were permissible comments by the prosecutor on the evidence before the trier of fact. In order to persuade an appellate court that the trial court abused its discretion by denying a motion for mistrial, a defendant must demonstrate that he was placed in a position of grave peril. *Morgan v. State* (1981), 275 Ind. 666, 419 N.E.2d 964. During final argument, it is proper for counsel to argue both law and facts. *Inman v. State* (1979), 271 Ind. 491, 393 N.E.2d 767. Counsel may propound any conclusions based upon the attorney's analysis of the evidence. *Flynn v. State* (1978), 177 Ind.App. 360, 379 N.E.2d 548. While this Court does not approve comments of this nature, we are not convinced a reversal is required.

Appellant contends the trial court erred when it gave a final instruction on the subject of flight. He argues the evidence did not support the instruction. He contends he left the parking lot of the Eagles Club and drove a short distance to a nearby tavern where he was arrested without incident. However, testimony was also offered from an eyewitness who stated appellant's automobile hurriedly left the parking lot of the club immediately after the incident.

It is proper to give an instruction on flight when evidence of flight has been adduced at trial. *Taylor v. State* (1984), Ind., 469 N.E.2d 735. The evidence is sufficient to support the instruction. The trial court did not err.

Appellant argues the trial court erred when it instructed the jury on the issue of transferred intent to commit murder. The instruction provides:

"You are hereby instructed that when one intends to kill a certain person with a deadly weapon and by mistake and inadvertence causes bodily injury to another person with such weapon, in the eyes of the law, his intent is transferred from the person to whom it was directed to the person suffering the injury; a person committing such an act may be found guilty of the crime he originally intended to commit, in effect, as if he had originally intended to kill the person who suffered bodily injury through mistake or inadvertence.

"Therefore, under the doctrine of transferred intent, if the defendant attempted to murder someone and his actions toward this end resulted in bodily injury to another, then you may find that the defendant intended to murder the person actually harmed as a result of the defendant's attempt to murder another."

Appellant concedes the instruction is a correct statement of the law but argues it is not supported by the evidence. Additionally, he maintains the instruction was confusing to the jury. He bases both contentions on the fact the jury returned a guilty verdict on the included charge of attempted voluntary manslaughter and not on the charge of attempted murder. He argues this verdict indicates that no evidence of an intent to commit murder existed. Thus he claims it was error to confuse the jury by instructing concerning the transfer of the nonexistent intent.

Appellant's argument is without merit on several grounds. Powell's statement to the police contained sufficient evidence to support the instruction as it contained appellant's statement of his intent to shoot someone. The fact the jury returned a verdict based on the lesser offense and not the greater does not require a finding that it was error to instruct on the greater offense. The instruction does not create an impermissible inference on the question of intent. The instruction properly instructs the jury as to transferred intent. The trial court did not err when it gave the instruction.

Appellant avers the trial court erred when it gave the following instruction:

"If a defendant is innocent, he should not be convicted erroneously; but if a defendant is guilty, he should not be acquitted erroneously. By acquittal of the guilty a contempt of the law is aroused among the criminal classes and the safeguards of society are weakened."

Appellant acknowledges this instruction has been approved by this Court in *Murray v. State* (1982), Ind., 442 N.E.2d 1012. However, he challenges the rationale supporting the instruction. He maintains it erodes the presumption of innocence. He argues there is no evidence that an acquittal of a guilty party arouses the contempt of the criminal classes. He contends there is no basis for the belief there is a class of criminals. He argues criminals are found in all classes and that statements of this nature are meant to appeal to the fears and prejudices of the jury. We find no basis to depart from our holding in *Murray*. We find no error in giving the instruction.

Appellant contends the trial court erred when it instructed the jury on the defense of voluntary intoxication as provided in Ind.Code § 35-41-3-5(b). In *Terry v. State* (1984), Ind., 465 N.E.2d 1085, this Court held the above statute was invalid. Thus appellant argues it was erroneous to instruct the jury as to the provisions of the code. Appellant additionally argues the instruction improperly withdrew from the jury the validity of his offered defense of voluntary intoxication. The record reveals testimony from many sources of appel-

lant's drinking on the day and night of the incident.

The State contends any error was harmless. The State concedes appellant was drinking for several hours prior to the incident. However, it argues the record reveals the testimony of several officers to the effect that appellant was not drunk at the time of his arrest. Further, the State cites to the caveat in *Terry* where this Court said:

"The potential of this defense should not be confused with the reality of the situation. It is difficult to envision a finding of not guilty by reason of intoxication when the acts committed require a significant degree of physical or intellectual skills. As a general proposition, a defendant should not be relieved of responsibility when he was able to devise a plan, operate equipment, instruct the behavior of others or carry out acts requiring physical skill." Id. at 1088.

The State argues no reasonable doubt could exist as to appellant's ability to function consciously and to have the intent to commit the acts for which he was charged.

■ An error in a particular instruction will not warrant a reversal unless it is of such a nature that the entire charge of which it is a part misled the jury. *Grossenbacher v. State* (1984), Ind., 468 N.E.2nd 1056. Any error in the giving or refusing of an instruction is harmless error if the conviction is clearly sustained by the evidence and the jury could not properly have found otherwise. *Grossenbacher, supra.*

■ We find the error to have been harmless. The evidence clearly supported the verdict. The overwhelming evidence indicated appellant was not so intoxicated he could not have formed the requisite intent. *See Butrum v. State* (1984), Ind., 469 N.E.2d 1174. The arresting officers indicated appellant did not exhibit the behavioral characteristics of one who is intoxicated. There was no slurred speech nor was there a stagger in appellant's gait. Appellant's wife, in a deposition given

shortly after the incident, indicated appellant was not drunk on the night of the incident. Immediately after the incident appellant walked to his automobile and drove away. He drove the vehicle several blocks and parked at a tavern. He thus was able to operate equipment and to devise a plan for his own affairs. We find the trial court committed harmless error when it instructed the jury on the voluntary intoxication defense.

■ Appellant contends the trial court erred when it read the following instruction at the conclusion of the habitual offender phase of the trial.

"These instructions do not contain any information concerning the penalties that could be imposed upon being found to be an habitual offender. The Judge is solely responsible for assessing the penalty within a broad range of possibilities. The law has been so written that you may make your decisions without being influenced by the apparent severity or leniency of the sentence."

In particular, he argues the instruction contains an incorrect statement of the law. He argues the trial court has no discretion for assessing the penalty if the jury returns an habitual offender finding. He maintains the jury thus could have been misled by the instruction. This issue was resolved against appellant's position in *Beasley v. State* (1983), Ind., 452 N.E.2d 982. We find no reason to overturn the *Beasley* holding.

■ Appellant argues the trial court erred when it denied his motion to discharge the habitual offender count. His motion was premised upon his allegation that he was improperly denied the right to *voir dire* the jury prior to the onset of the habitual offender phase of the trial. This issue was resolved against appellant's position in *Yager v. State* (1982), Ind., 437 N.E.2d 454.

■ Appellant maintains the trial court erred when it denied his objection to the amending of the information to include the habitual offender count. He contends the

amendment was not filed in a timely manner. The issue concerns which provision of Ind.Code § 35–24–1–5 governs an amendment of this nature. Appellant argues (b) is applicable. This would require the amendment to be filed within thirty (30) days prior to the omnibus date. This issue was resolved in *Hutchinson v. State* (1983), Ind., 452 N.E.2d 955. There this Court reaffirmed the applicable statute was subsection (c) which permits amendments to correct defects, imperfections and omissions which do not prejudice the substantial rights of a defendant at any time upon motion of the prosecutor. The rationale supporting subsection (c) governing an amendment of this nature was discussed in *Funk v. State* (1981), Ind., 427 N.E.2d 1081 and *Gilmore v. State* (1981), 275 Ind. 134, 415 N.E.2d 70.

■ In both cases this Court looked to the amount of time which existed between the date of the amendment and the day trial commenced to determine whether defendant's substantial rights had in fact been prejudiced. In the case at bar the amendment was filed on September 13, 1983, and trial commenced on October 31, 1983. We find this time period was sufficient to permit appellant to adequately prepare his defense.

Appellant argues there was insufficient evidence to support the verdict. He concedes the State did establish the victim was shot with a gun which was recovered from appellant's automobile. He contends there was insufficient circumstantial evidence to establish that he actually fired the shot. He argues the evidence does not rule out the equally reasonable hypothesis that the shot was fired by his wife and that he took the gun from her and placed it in the automobile.

■ In reviewing the sufficiency of circumstantial evidence, this Court does not require the circumstantial evidence to be adequate to overcome every reasonable hypothesis of innocence. Rather, the Court looks to determine whether an inference may be reasonably drawn from the evidence which supports the conviction. *Lo-*

*vell v. State* (1985), Ind., 474 N.E.2d 505. In light of the testimony of the witness who heard appellant threaten to harm the next patron and the fact appellant was seen with the gun shortly after the shot was heard creates a reasonable inference to support the verdict.

The trial court is in all things affirmed.

*All Justices concur.*