RATLIFF, Senior Judge.
 

 STATEMENT OF THE CASE
 

 James D. Manns appeals the imposition of an enhanced sentence totaling eight years on his conviction for causing death while operating a vehicle while intoxicated, a class C felony.
 
 [1]
 

 We affirm.
 

 ISSUES
 

 I. Did the trial court improperly consider the deaths of the victims to be an aggravating circumstance?
 

 II. Did the trial court improperly consider Manns’ lack of remorse to be an aggravating circumstance or fail to consider Manns’ alleged remorse to be a mitigating circumstance?
 

 III. Did the trial court fail to properly articulate and weigh the aggravating and mitigating circumstances?
 

 IV. Is Manns’ eight-year sentence manifestly unreasonable?
 

 FACTS
 

 On January 9, 1993, twenty-two year old James D. Manns failed to stop his truck at a stop sign and struck another truck which had the right of way. The driver and passenger of the second truck were killed instantly. A blood alcohol test revealed that Manns’ blood alcohol content was .18. He pleaded guilty to one count of causing death while operating a vehicle while intoxicated, a class C felony, and received the four year presumptive sentence enhanced by four years for aggravating circumstances.
 

 
 *840
 

 DECISION
 

 In summary, the sentencing statement reveals that the trial court considered the following factors to be aggravating circumstances which support Manns’ enhanced sentence: 1) Manns has an extensive criminal history; 2) a reduced sentence or standard sentence would reduce the seriousness of the crime because two people were killed as a result of Manns’ behavior; and 3) there is a likelihood that Manns will repeat the crime because he failed to demonstrate remorse for his actions. Conversely, the only fact the 'trial court considered to be mitigating is that Manns has a wife and small child.
 

 1. WAS IT IMPROPER FOR THE TRIAL COURT TO CONSIDER THE DEATHS OF THE VICTIMS TO BE AN AGGRAVATING CIRCUMSTANCE?
 

 Ind.Code 9-30-5-2 provides:
 

 A person who operates a vehicle while intoxicated commits a Class A misdemean- or.
 

 Ind.Code 9-30-5-5 provides:
 

 A person who violates section ... (2) of this chapter commits a Class C felony if the crime results in the death of another person.
 
 [2]
 

 Because death is a material element of the crime for which he pleaded guilty, Manns contends the trial court erred when it used the fact that two people died to support his aggravated sentence. A fact which comprises a material element of a crime may not also constitute an aggravating circumstance to support an enhanced sentence; however, the trial court may properly consider the particularized circumstances of the factual elements as aggravating circumstances.
 
 Stewart v. State
 
 (1988), Ind., 531 N.E.2d 1146, 1150;
 
 Townsend v. State
 
 (1986), Ind., 498 N.E.2d 1198, 1201.
 

 In
 
 Stewart,
 
 the defendant was convicted of molesting a three year old child. In determining the sentence, the trial court considered the age of the victim, which was an element of the crime, to be an aggravating factor. Our supreme court held that because the court articulated particular circumstances of the age element that constitute separate aggravating factors, such as the fact that the victim was handicapped, very young, and suffered emotional trauma, the trial court did not err.
 

 Here, the trial court did not rely in isolation on the fact that one person died to enhance Manns’ sentence:
 

 I feel the imposition of a reduced sentence or even a standard sentence would depreciate the seriousness of this crime you have committed. Nothing I can do or you can do can erase the fact that two people were killed because of your behavior.
 

 R. 222.
 

 Rather, the trial court noted that
 
 two
 
 people died as a result of Manns’ actions, and used that fact to support its determination that a reduced or standard sentence would depreciate the seriousness of the crime that Manns committed. Thus, the trial court’s sentencing statement showed a “particularized cir
 
 *841
 
 cumstance” of the death element which may properly be used to aggravate Manns’ sentence. Furthermore, as noted,
 
 supra,
 
 note 3, despite the fact that his actions caused the death of two people, the law only permits Manns to be charged with and plead guilty to one count of causing death while driving while intoxicated. However, the law does not prohibit the trial court from using the fact that more than one person died, as the result of a single accident, to enhance a sentence. The trial court did not err in considering the death of two people to be an aggravating factor.
 

 II. REMORSE
 

 A.
 

 Manns next argues that the trial court improperly used Manns’ lack of remorse to support his aggravated sentence. With respect to Manns’ mental attitude, the trial court found:
 

 I have watched you every time that you have come into Court and I don’t believe there is much remorse there. I think what little remorse that you have is not a sense of guilt for the accident you caused, but rather a sense of fear of the sentence that you are about to receive and those are two different things. I believe the sentence imposed is the only way to prevent it from happening again.
 

 * *
 
 *
 
 *
 
 *
 

 The final one [aggravating factor] which I have already noted is with your present attitude. I certainly believe this will happen again or at least there is a strong possibility that it will happen again.
 

 R. 222. Manns argues there is no evidence in the record to support the trial court’s conclusion that he lacks remorse and, in the absence of such evidence, “the court has no authority to conclude [that Manns] “ ‘looks’ ” unremorseful.” Appellant’s brief at 11.
 

 We acknowledge that the absence of remorse is a difficult “aggravating factor” to review on appeal because, very often, no obvious evidence of a defendant’s lack of remorse exists in the record. Nevertheless, our supreme court has found that a defendant’s lack of remorse is a valid aggravating factor which may be considered for purposes of sentence enhancement.
 
 Guenther v. State
 
 (1986), Ind., 501 N.E.2d 1071, 1073;
 
 Ballard v. State
 
 (1988), Ind., 531 N.E.2d 196, 197. Furthermore, we cannot agree with Manns’ assertion that, absent evidence in the record, the trial court has no authority to conclude that Manns lacked remorse for his actions. In
 
 Schiro v. State
 
 (1985), Ind., 479 N.E.2d 556, the supreme court responded to a similar argument with the following:
 

 Neither can we agree with appellant’s contention that consideration of his behavior was impermissible because it was information not admitted into evidence. It is axiomatic that a trial court, within its discretion, can consider a defendant’s behavior in the courtroom_ The court can properly consider such “non-evidentiary” information as the pre-sentence investigation report and
 
 its perception of a defendant’s remorse or lack thereof
 
 We find no authority to support the conclusion appellant would have us draw, that a judge ... is precluded from considering a defendant’s behavior during the course of the trial if evidence of such behavior is not admitted into evidence.
 

 Id.
 
 at 559 (emphasis added).
 

 Moreover, even though remorse is not specifically listed in Ind.Code 35-38-l-7.1(b) as an aggravating factor to be considered by the trial court when imposing sentence, Ind.Code 35-38-l-7.1(d) indicates that the criteria listed in subsection (b) of the statute does not limit matters that a court may consider in determining a sentence. To that end, lack of remorse may be an underlying consideration in determining the risk, pursuant to Ind. Code 35-38-l-7.1(a)(l), that a defendant may commit another crime.
 
 Coleman v. State
 
 (1980), Ind.App., 409 N.E.2d 647, 651. Accordingly, the sentencing statement here denotes Manns’ lack of remorse as the underlying consideration relied upon by the trial court in determining the risk that Manns will commit this crime again.
 

 Thus, while we do not accord Manns’ lack of remorse more than modest weight as an aggravating factor (due to the intangible nature of the evidence of Manns’ mental attitude), we nevertheless cannot say that it was
 
 *842
 
 error for the trial court to rely upon it in determining Manns’ enhanced sentence.
 

 B.
 

 Manns next argues that the trial court erred when it failed to find Manns’ alleged remorse to be a mitigating factor. In support of his argument, he relies on the following facts: at the sentencing hearing, Manns said he was sorry for what had happened, Manns’ mother, wife, and Mend also testified to his remorse, no tangible evidence exists to the contrary, and these points were reiterated to the trial court by Manns’ trial counsel. Manns’ argument is not persuasive.
 

 The finding of mitigating factors is discretionary with the trial court.
 
 Graham v. State
 
 (1989), Ind., 535 N.E.2d 1152. The trial court is not required to find the presence of a mitigating factor.
 
 Id.
 
 If the trial court does not find the existence of a mitigating factor after it has been argued by counsel, the trial court is not obligated to explain why it has found that factor does not exist.
 
 Hammons v. State
 
 (1986), Ind., 493 N.E.2d 1250. Further, the trial court is not required to weigh or credit the mitigating evidence the way appellant suggests it should be weighed or credited.
 
 Id.
 

 In
 
 Gibbs v. State
 
 (1984), Ind., 460 N.E.2d 1217, a clergyman testified that he had counseled with Gibbs and that, in his opinion, Gibbs was remorseful. On appeal, Gibbs argued the trial court abused its discretion in failing to find his remorse to be a mitigating factor. With respect to this argument, our supreme court found:
 

 Although [the clergyman’s] testimony was not directly contradicted, the court was not bound to accept it as a correct assessment of Defendant’s mental state, and it cannot be said that the court failed to consider the testimony merely because it failed to give full effect to its intendment.
 

 Id.
 
 at 1222.
 

 Thus, the trial court here was under no obligation to accept Manns’ alleged remorse as a mitigating circumstance. The trial court did not err.
 

 III. DID THE TRIAL COURT PROPERLY ARTICULATE AND WEIGH THE AGGRAVATING AND MITIGATING FACTORS?
 

 Manns argues that the trial court’s sentencing statement is insufficient to support his enhanced sentence because it is merely a mechanical recitation of the statutory language concerning aggravating and mitigating factors found in I.C. 35-38-1-7.1. We disagree.
 

 When the trial court imposes sentence, the sentencing statement should include an identification of the significant aggravating and mitigating circumstances, and the specific facts and reasons leading the court to find the existence of such circumstances.
 
 Slaton v. State
 
 (1987), Ind., 510 N.E.2d 1343, 1351. While we acknowledge that the trial court’s sentencing statement is far from being a model of clarity, the aggravating circumstances, mitigating circumstance, and the trial court’s reasons in support of its findings are, nevertheless, identifiable.
 

 The trial court noted the following aggravating factors and its reasons therefor: 1) Manns has an extensive criminal history as exemplified by the trial court’s recitation of Manns’ prior convictions; 2) a reduced sentence or standard sentence would reduce the seriousness of the crime because two people were killed as a result of Manns’ behavior; and 3) there is a likelihood that Manns will repeat the crime because he failed to demonstrate remorse for his actions. In mitigation, the trial court noted that Manns has a wife and small child. We find the trial court’s sentencing statement to be sufficiently specific to support Manns’ enhanced sentence.
 

 However, aside from the identification of the aggravating and mitigating factors and the reasons therefor, a sentencing statement must also include an articulation demonstrating that the mitigating and aggravating circumstances have been evaluated and balanced in determining the sentence.
 
 Slaton, supra.
 
 Here, the trial court failed to state whether the above-listed aggravating factors outweighed the mitigating factor. In
 
 *843
 
 our opinion, however, this error does not necessitate a remand.
 

 In
 
 Wells v. State
 
 (1991), Ind.App., 568 N.E.2d 558, this court considered a similar sentencing error. In
 
 Wells,
 
 the trial court imposed enhanced and consecutive sentences totaling seventy years. In its sentencing statement, the trial court listed seven aggravating factors and one mitigating factor. The court failed to articulate whether the aggravating circumstances outweighed the mitigating circumstance. This court found no reason to remand the case, however, because the record revealed that the trial court had “thoughtfully evaluated the circumstances, and the aggravating factors it found [were] supported by sufficient evidence.”
 
 Id.
 
 at 563. Therefore, this court found no error in the enhancement or consecutive nature of the sentences.
 
 Id.
 

 Thus, while the trial court here failed to articulate the required balancing process, we nevertheless find that the sentencing statement reveals that the trial court did, indeed, thoughtfully evaluate the circumstances, as is evidenced by the fact that the record specifically supports (with the possible exception of the “remorse” factor) the aggravating factors relied upon by the trial court. In any case, the trial court need list only one aggravating factor to support an enhanced sentence.
 
 Duvall v. State
 
 (1989), Ind., 540 N.E.2d 34, 36. An enhanced sentence can be imposed when the only aggravating circumstance is a prior criminal history.
 
 Id.
 
 The trial court did not err in imposing an enhanced sentence upon Manns. .
 

 IV. MANIFESTLY UNREASONABLE SENTENCE
 

 The trial court sentenced Manns to the presumptive four year term for causing death while operating a motor vehicle while intoxicated, a class C felony, in addition to four years for aggravating circumstances.
 
 [3]
 
 Manns claims that his eight year sentence is manifestly unreasonable.
 

 An appellate court will not alter a sentence authorized by statute unless the sentence is manifestly unreasonable in light of the offender and the offense.
 
 Durbin v. State
 
 (1989), Ind.App., 547 N.E.2d 1096, 1100. A sentence is not manifestly unreasonable unless no reasonable person could consider the sentence appropriate.
 
 Reichard v. State
 
 (1987), Ind., 510 N.E.2d 163, 167. Manns’ sentence was authorized by statute and, given the fact that two people died as a result of Manns’ behavior, we cannot say that an eight year sentence is unreasonable in light of the nature of this offense and the character of this offender.
 

 Affirmed.
 

 RILEY, J., concurs.
 

 RUCKER, J., concurs in result.
 

 [1]
 

 . Ind.Code 9-30-5-5.
 

 [2]
 

 . In
 
 Kelly v. State
 
 (1988), Ind.App., 527 N.E.2d 1148,
 
 aff'd,
 
 539 N.E.2d 25 (Ind.1989), this court determined that I.C. 9-30-5-2 defines the crime of operating a vehicle while intoxicated. The
 
 Kelly
 
 court elaborated:
 

 That definition consists of the prohibited conduct, operating a vehicle, and the presence of an attendant circumstance, intoxication. It does not include or require the necessary conduct to produce a specific result. Thus, the crime is committed although no specific result occurs.
 

 Id.
 
 at 1155. Thus,
 

 in defining the subject offense, the legislature chose to use the result of ... death as a factor enhancing the punishment for the crime rather than as an aspect of the crime itself,
 
 i.e.,
 
 as part of the definition of the crime.
 

 Id.
 
 The
 
 Kelly
 
 court then concluded that separate convictions, arising from a single accident, cannot stand because the separate victims do not represent different offenses.
 
 Id.
 
 Therefore, here, even though Manns' actions caused the deaths of two people, the law allows him to plead guilty to only one count of causing death while operating a vehicle while intoxicated.
 

 We do note, however, that the legislature amended I.C. 9-30-5-5, effective July 1, 1994, to provide specifically for those instances where one act of driving while intoxicated causes the death of more than one person. Now, each death may be separately charged. I.C. 9-30-5-5(b).
 

 [3]
 

 . Manns' sentence is authorized by Ind.Code 35-50-2-6.