**Kevin F. CURRAN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A05–9602–CR–61.

Court of Appeals of Indiana.

Dec. 13, 1996.

Kurt A. Young, Nashville, for Appellant–Defendant.

Pamela Carter, Attorney General, Preston W. Black, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

**OPINION**

SHARPNACK, Chief Judge.

Kevin Curran appeals his convictions for carjacking, a class B felony,[1] and robbery, a class C felony.[2] The sole issue raised for our review is whether the trial court erroneously instructed the jury on his voluntary intoxication defense. We affirm.

The facts most favorable to the judgment follow. On November 7, 1994, Curran telephoned Randy Moore and stated that he wanted to get together. Moore agreed to pick up Curran the following evening.

In the evening of November 8, 1994, Moore brought Curran back to Moore's apartment. Curran consumed three or four alcoholic drinks during the evening. At approximately 2:00 a.m. the following morning, Curran became sick.

Moore then drove Curran to his mobile home, where Curran pulled out a knife and threatened to "stick" Moore if he did not climb out of the car. Record, p. 376. An individual, who Curran addressed as "David," approached Moore's car. Curran told David to climb into the car.

Moore then turned off the engine, grabbed his keys, and jumped out of the car. Moore ran down the street and yelled for help. Curran ran after Moore and yelled, "shut your mouth ... because nobody cares whether you live or die." Record, p. 378. Curran then attempted to stab Moore in the thigh. When Moore refused to hand Curran the car keys, Curran attempted to stab Moore's

---

1. Ind.Code § 35–42–5–2.

2. I.C. § 35–42–5–1.

chest. However, the knife struck Moore's zipper and broke.

After further struggle, Moore escaped and fled again. However, Curran caught Moore and beat his face and head. Moore fell down and lost his keys. After fleeing again, Moore jumped into his car, locked the doors and honked the horn. Meanwhile, Curran ordered David to "unlock the door and get in the car." Record, p. 390. When David failed to do so, Curran reached through a car window and unlocked the door.

Curran then demanded Moore's keys. After Moore responded that he had lost them, Curran sent David to look for them. Curran then demanded money, and Moore handed Curran three dollars from his wallet. Curran also took Moore's wallet and watch.

Curran then searched for Moore's keys. Soon after, Moore saw Curran and David climb into Moore's car and drive away. Moore ran to a service station and notified the police.

The State later charged Curran with carjacking, robbery, and criminal confinement. After a trial, the jury found him guilty of carjacking and robbery. Curran now appeals the convictions.

■■■ The sole issue for our review is whether the trial court erroneously instructed the jury about Curran's voluntary intoxication defense. An error in a particular instruction does not justify reversal unless the error is of such a nature that the whole charge of which it forms a part misleads the jury as to the law of the case. *Walker v. State*, 497 N.E.2d 543, 545 (Ind.1986). Both Curran and the State tendered instructions on voluntary intoxication at trial. Curran tendered the following instruction:

"Voluntary Intoxication is a defense to the crimes of Robbery, Car-Jacking, and Criminal Confinement.

In order for intoxication to relieve the defendant from responsibility for the crime charged, the defendant must have been so intoxicated as to be incapable of having the intent to commit the offense charged.

The State has the burden of disproving this defense beyond a reasonable doubt."

Record, p. 68. The State tendered the following instruction:

"The issue of the defendant's intoxication has been raised in this case. The defense of intoxication is offered to negate the capacity to formulate intent, in that the defendant must lack substantial capacity to either appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law. It is not sufficient that the defendant merely ingested alcohol or controlled substances. Mere intoxication is not sufficient unless there is some mental incapacity resulting therefrom as will render a person incapable off [sic] thinking deliberately and mediating rationally. *A defendant should not be relieved of responsibility if he could devise a plan, operate equipment, instruct behavior of others or carry out acts requiring physical skill.*

The defendant has the burden of presenting evidence of intoxication. However, the burden of proof to prove the element of defendant's intent to commit the crime beyond a reasonable doubt remains upon the State of Indiana."

Record, p. 72 (emphasis added). The trial court adopted Curran's instruction, but added the first paragraph of the State's instruction.[3]

Curran argues that the sentence in the instruction which states that "[a] defendant should not be relieved of responsibility if he could devise a plan, operate equipment, instruct behavior of others or carry out acts requiring physical skill" was improper. Specifically, Curran contends that the sentence invaded the province of the jury by directing it to find the lack of intoxication from certain acts and, therefore, that it relieved the State of its burden to prove beyond a reasonable

---

3. We note that neither the briefs nor the record includes a verbatim copy of the actual instruction read to the jury, which generally precludes our review of an instruction. *See* Ind.App. R. 8.3(A)(7); *Koppers Co. v. Inland Steel Co.*, 498 N.E.2d 1247, 1255 *reh'g denied, trans. denied.* However, we will address Curran's argument because the parties agree that the phrase Curran challenges was, in fact, read to the jury.

doubt that Curran possessed the requisite intent.

Article I, § 19 of the Indiana Constitution states that, "[i]n all criminal cases whatever, the jury shall have the right to determine the law and the facts." IND. CONST. art. I, § 19. Our supreme court has interpreted this provision to forbid an instruction that binds the conscience of the jury to a finding of guilty if it finds certain facts. *Pritchard v. State*, 248 Ind. 566, 230 N.E.2d 416 (1967). In *Pritchard*, the defendant challenged the following instruction:

> "The Court now instructs you that if you should find that [the defendant was] guilty of cruelty or neglect of [the victim] and that as a result of such cruelty or neglect beyond a reasonable doubt [the victim] did *sicken, languish and die*, then you shall find such defendant guilty of involuntary manslaughter."

*Id.* at 568, 230 N.E.2d at 417 (emphasis added). In finding this language to be erroneous, the supreme court held that a mandatory instruction which binds the minds and consciences of the jury to return a verdict of guilty upon finding certain facts, clearly invades the constitutional province of the jury. *Id.* at 575, 230 N.E.2d at 421.

We find that the instruction in this case invades the province of the jury in two respects. First, the instruction stated in part that, "A defendant should not be relieved of responsibility if he could devise a plan, operate equipment, instruct behavior of others or carry out acts requiring physical skill." Record, p. 72. This language required the jury to find specific facts before it could accept the voluntary intoxication defense. In other words, the instruction required the jury to convict if it did not make the factual finding that Curran was incapable of devising a plan, operating equipment, instructing behavior of others or carrying out acts that require physical skill. Therefore, because the instruction was mandatory and "[bound] the minds and consciences of the jury to return a verdict of guilty upon finding certain facts, [it] clearly invades the constitutional province of the jury." *Pritchard*, 248 Ind. at 575, 230 N.E.2d at 421.

Next, the facts which the instruction impermissibly required the jury to find are also problematic. *Id.* The instruction stated that before the jury could find Curran not responsible for his actions because of his intoxication, the jury had to find that Curran was incapable of devising a plan, operating equipment, instructing behavior of others or carrying out acts requiring physical skill. This language amounts to a required level of intoxication that the jury had to find before it was permitted to accept the defense. In other words, in essence, by requiring the jury to find such facts prior to concluding that Curran was not guilty because of intoxication, the instruction established a mandatory minimum degree of intoxication. However, the degree of intoxication is a question of fact to be decided by the jury in determining whether the defendant was so intoxicated as to render him incapable of forming the requisite intent. *Mattingly v. State*, 236 Ind. 632, 636, 142 N.E.2d 607, 609 (1957); *Anderson v. State*, 177 Ind.App. 603, 604, 380 N.E.2d 606, 608 (1978). Consequently, the instruction improperly required a certain degree of intoxication be proven before the jury could accept the defense and, as a result, invaded the province of the jury. Therefore, we find that the voluntary intoxication instruction violated Art. I, § 19 of the Indiana Constitution and was erroneous.

Nevertheless, an error in the giving of a jury instruction is harmless when a conviction is clearly sustained by the evidence and the jury could not properly have found otherwise. *Burton v. State*, 526 N.E.2d 1163, 1166 (Ind.1988); *Channell v. State*, 658 N.E.2d 925, (Ind.Ct.App.1995), *reh'g denied, trans. denied.* After carefully reviewing the record in this case, we find that the error was harmless.

Although some evidence was presented that Curran had consumed alcohol on the night of the attack, substantial evidence indicated Curran was not so intoxicated that he could not have formed the requisite intent. *See Cheney v. State*, 486 N.E.2d 508, 513 (Ind.1985). First, Moore testified that Curran did not appear to be intoxicated on the night of the attack. Moore stated that Curran threatened him with the knife, chased

him down the road more than once, attempted to stab him twice, demanded his money and watch, and shouted orders to David. Moore also testified that Curran drove away in Moore's car after finding the car keys along the road.

Next, Officer Grunden testified that he spotted Moore's car and followed it after a description was broadcast over the radio. Officer Grunden stated that Curran was driving the car and that Curran was not swerving or otherwise driving as if he had been drinking. Officer Grunden further testified that when he and another officer stopped the car, Curran did not appear to be intoxicated. Officer Grunden stated that Curran did not exhibit the typical indicia of intoxication, including staggered walk, odor of alcohol on his breath and person, slurred speech, and impaired motor functions.

Considering this evidence as a whole, we find that the conviction was clearly sustained by the evidence despite the intoxication defense. *See Burton,* 526 N.E.2d at 1166. In addition, we conclude that the evidence is such that the jury could not have properly found that Curran was so intoxicated that he was incapable of forming the requisite criminal intent. *See Cheney,* 486 N.E.2d at 513. Therefore, we hold the erroneous instruction was harmless in light of the evidence presented at trial. *See id.*

For the foregoing reasons, we affirm the conviction.

AFFIRMED.

RUCKER and DARDEN, JJ., concur.