James **HEYWARD**, Appellant–
Petitioner,

v.

**STATE** of Indiana, Appellee–
Respondent.

No. 49A02–0111–PC–761.

Court of Appeals of Indiana.

June 4, 2002.

Daniel K. Whitehead, Yorktown, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Appellant-petitioner James Heyward appeals the denial of his petition for post-conviction relief, contending that trial counsel was ineffective by failing to object to the trial court's instruction regarding his defense of voluntary intoxication and by failing to raise a timely Ind.Crim. Rule 4(C) objection. He also contends that appellate counsel was ineffective in failing to raise the aforementioned two issues on direct appeal. Finding that trial and appellate counsel were not ineffective, we affirm.

### FACTS

On June 19, 1992, Heyward was convicted by jury of Attempted Murder,[1] a class A felony; Kidnapping,[2] a class A felony; Resisting Law Enforcement,[3] a class D felony; and Carrying a Handgun Without a License,[4] a class A misdemeanor. Heyward appealed his convictions, contending that there was insufficient evidence to support his convictions of attempted murder and kidnapping, trial counsel was ineffective in failing to raise the defense of self-defense, and the trial court erred in denying his motion to dismiss for a violation of Ind.Crim. Rule 4(A). This court affirmed his convictions in an unpublished memorandum opinion. *See Heyward v. State,*

---

1. Ind.Code § 35–42–1–1; Ind.Code § 35–41–5–1.

2. I.C. § 35–42–3–2.

3. Ind.Code § 35–44–3–3.

4. Ind.Code § 35–47–2–1; I.C. § 35–47–2–23.

No. 49A02–9211–CR–526, 624 N.E.2d 73 (Ind.Ct.App. Nov.22, 1993).

On March 26, 2001, Heyward filed a petition for post-conviction relief contending, among other things, that: (1) trial counsel was ineffective by failing to object to the trial court's instruction regarding his defense of intoxication; (2) trial counsel was ineffective by failing to timely object to a violation of Crim. Rule 4(C); and (3) appellate counsel was ineffective for failing to raise the aforementioned two issues on appeal. The post-conviction court held a hearing on Heyward's petition on June 18, 2001. On August 15, 2001, the post-conviction court denied Heyward relief. Heyward now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

■■■ Post-conviction procedures do not afford the petitioner with an opportunity for a super appeal. *Ford v. State*, 755 N.E.2d 1138, 1141 (Ind.Ct.App.2001), *trans. denied.* Rather, post-conviction procedures create a narrow remedy for a subsequent collateral challenge to convictions that must be based on grounds enumerated in the post-conviction rules. *Id.* Petitioners must establish their grounds

for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1(5); *Ford,* 755 N.E.2d at 1141. A petitioner who has been denied post-conviction relief appeals from a negative judgment. *Ford,* 755 N.E.2d at 1141. Therefore, the petitioner must convince the court that the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court. *Id.*

### II. Heyward's Claims

#### A. Generally

Heyward raises several issues regarding the ineffective assistance of both trial and appellate counsel. Specifically, Heyward contends that trial counsel was ineffective by failing to object to the trial court's instruction regarding his defense of voluntary intoxication [5] and by failing to raise a timely Crim. R. 4(C) objection. In addition, he contends that appellate counsel was ineffective for failing to raise the aforementioned two issues on direct appeal.

■■■ The Sixth Amendment to the United States Constitution guarantees the right of a defendant in a criminal case to the effective assistance of counsel. *Owens*

---

**5.** It is unclear from Heyward's brief whether he is asserting an independent due process challenge to the propriety of the voluntary intoxication instruction or an ineffectiveness of trial counsel claim. Appellant's Br. p. 6–8. Specifically, the argument section of Heyward's brief is headed: "The Instruction on the Defense of Voluntary Intoxication Violated James Heyward's Due Process Rights." Appellant's Br. p. 7. The "Summary of Arguments" also simply states that: "The instruction on the defense of voluntary intoxication violated James Heyward's due process rights by erroneously shifting the burden of proof to the Defendant on the intent element by requiring the Defendant to prove the intoxication defense and to have the proper jury instruction." Appellant's Br. p. 6. Moreover, Heyward makes no reference in the body of

his argument to the ineffectiveness of trial counsel. Appellant's Br. p. 7–8. However, in the conclusion section of his brief, after his arguments on the other issues, Heyward states that trial counsel was ineffective for failing to object to the voluntary intoxication instruction. Appellant's Br. p. 13. Most importantly, Heyward made no independent due process claim in his petition for post-conviction relief and made no assertion of fundamental error. Rather, he argued that, "Trial counsel rendered deficient performance ... in failing to object to the Court's Final Instruction Number 9(B)," which was the voluntary intoxication instruction. Appellant's App. p. 48. Accordingly, we will address this issue as a claim of ineffectiveness of trial counsel.

v. State, 750 N.E.2d 403, 408 (Ind.Ct.App. 2001). When reviewing ineffective assistance of counsel claims, this court begins with a strong presumption that counsel rendered adequate legal assistance. *Collier v. State*, 715 N.E.2d 940, 942 (Ind.Ct. App.1999), *trans. denied*. To rebut this presumption, a defendant must show: (1) counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Carr v. State*, 728 N.E.2d 125, 131 (Ind.2000). A reasonable probability is one "sufficient to undermine confidence in the outcome." *Id.* Because an inability to satisfy either prong of this test is fatal to an ineffective assistance claim, this court need not even evaluate counsel's performance if the defendant suffered no prejudice from that performance. *Vermillion v. State*, 719 N.E.2d 1201, 1208 (Ind.1999).

We also note that isolated mistakes, poor strategy, inexperience and instances of bad judgment do not necessarily constitute deficient performance. *McCary v. State*, 761 N.E.2d 389, 392 (Ind.2002). We will not second-guess strategic or tactical decisions even though such choices may be subject to criticism or ultimately did not serve the defendant's interests. *Danks v. State*, 733 N.E.2d 474, 486 (Ind.Ct.App. 2000), *trans. denied*. The effectiveness of appellate counsel's representation is determined on appeal using the same standards applied to trial counsel. *Johnson v. State*, 674 N.E.2d 180, 184 (Ind.Ct.App.1996), *trans. denied*.

### B. Ineffective Assistance of Trial Counsel

Heyward contends that trial counsel was ineffective in failing to object to the voluntary intoxication instruction and in failing to timely object and move for discharge pursuant to Crim. R. 4(C). Specifically, Heyward claims that trial counsel should have objected to the "instruction on voluntary intoxication [because it] denied his due process rights by erroneously shifting the burden of proof" to him to negate the intent element of attempted murder. Appellant's Br. p. 6. He also claims that trial counsel was ineffective in failing to raise a timely objection that his trial was set beyond the one-year limit proscribed in Crim. R. 4(C). While trial counsel did move for discharge on Crim. R. 4(C) grounds, he had an obligation to object at the time that the trial court set the trial for a time beyond the requisite one-year period.[6]

---

**6.** There has been some controversy on appeal and during post-conviction proceedings as to whether trial counsel raised a Crim. R. 4(A) or 4(C) objection on the trial date. Appellate counsel argued on direct appeal that the trial court erred in denying trial counsel's Crim. R. 4(A) motion to dismiss. *Heyward*, slip op. at 3. This court stated that an alleged violation of Crim. R. 4(A) raises no question for appellate review because that rule requires release after the six-month period and not a discharge. *Id.* We observed, however, that "[a]n argument could be made that Heyward was not brought to trial within the one-year period proscribed by Crim. R. 4(C)" because his trial began 528 days after the date when he was first charged. *Id.* at 4. Nevertheless, we determined that such argument was waived because "when the trial court set Heyward's trial for June 18, 1992, Heyward had an obligation to object and demand that the trial date be set before April 8, 1992," when the one-year expired, but he failed to do so. *Id.* at 5. Our review of the trial record and record of the post-conviction proceedings indicates that trial counsel moved for discharge on the day of Heyward's trial pursuant to Crim. R. 4(C), not Crim. R. 4(A). Specifically, trial counsel made "an oral Motion to Dismiss pursuant to Criminal Rule 4" because "this cause was originally filed in Criminal Court some 15 or 16 months ago," and "Defendant has been continually held in the Marion

We note that Heyward raised the issue of ineffectiveness of trial counsel on direct appeal. A defendant who raises a claim of ineffective assistance of trial counsel on direct appeal is barred from subsequently re-litigating that claim in post-conviction proceedings. *Woods v. State*, 701 N.E.2d 1208, 1220 (Ind.1998). Essentially, "[t]he defendant must decide the forum for adjudication of the issue" of ineffectiveness of trial counsel—"direct appeal or collateral review"—and "specific contentions supporting the claim" "may not be divided between the two proceedings." *Id.* Because Heyward claimed ineffectiveness of trial counsel on direct appeal, this issue is foreclosed from collateral review. *See id.* However, because Heyward claims that appellate counsel was ineffective for failing to raise these specific contentions of ineffectiveness of trial counsel, he is, in effect, able to avoid waiver and obtain appellate review of his claims.

### C. Ineffective Assistance of Appellate Counsel

In addressing Heyward's contention that appellate counsel was ineffective, we note that Heyward had different counsel at trial and on appeal. It appears that appellate counsel passed away some time before the post-conviction hearing. Appellant's Br. p. 5. As such, we have no testimony by appellate counsel from which to determine whether his alleged ineffectiveness was the result of strategy or oversight. That being the case, we will first examine whether trial counsel rendered substandard performance in not objecting to the voluntary intoxication instruction and in not timely objecting to the trial date on Crim. R. 4(C) grounds. We will then proceed to determine whether appellate counsel can be deemed ineffective for failing to raise these particular ineffectiveness of trial counsel claims.

We turn first to Heyward's contention that trial counsel was ineffective for failing to object to the voluntary intoxication instruction. The challenged portion of that instruction provides:

Mere intoxication is not sufficient [to negate the element of intent] unless there is some mental incapacity resulting therefrom as will render a person incapable off [sic] thinking deliberately and mediating [sic] rationally. A defendant should not be relieved of responsibility if he could devise a plan, operate equipment, instruct behavior of others or carry out acts requiring physical skill.

Tr. p. 115. This language was a correct statement of the law at the time of Heyward's trial in 1992. *See Miller v. State*, 541 N.E.2d 260, 263 (Ind.1989); *Terry v. State*, 465 N.E.2d 1085, 1088 (Ind.1984), *abrogated by State v. Van Cleave*, 674 N.E.2d 1293, 1303 n. 15 (Ind.1996). Indeed, this court did not disapprove of this language in a voluntary intoxication instruction until 1996. *See Curran v. State*, 675 N.E.2d 341, 344 (Ind.Ct.App.1996). Four years later, our supreme court also held that such language improperly invaded the province of the jury in violation of Article I, Section 19 of the Indiana Constitution. *Dunlop v. State*, 724 N.E.2d 592, 595 (Ind.2000). "[T]he failure to anticipate or effectuate a change in the existing law

County Jail for *more than a year* which is in *violation of Criminal Rule 4.*" Tr. p. 168–69 (emphases added). Moreover, at the post-conviction hearing, trial counsel was asked whether he made the motion on Crim. R. 4(A) or Crim. R. 4(C) grounds and he repeatedly stated that he moved for discharge under

Crim. R. 4(C) and that "Criminal. Rule 4(A) was not the issue [he] argued." Appellant's App. p. 9, 13, 25. In light of trial counsel's statements at trial and his post-conviction testimony we are satisfied that he made the motion to dismiss on the basis of a violation of Crim. R. 4(C).

does not constitute ineffective assistance" of counsel. *Harrison v. State,* 707 N.E.2d 767, 776 (Ind.1999), *cert. denied,* 529 U.S. 1088, 120 S.Ct. 1722, 146 L.Ed.2d 643 (2000). Thus, trial counsel was not ineffective in failing to object to the voluntary intoxication instruction.

■ Heyward next contends that appellate counsel should have argued that trial counsel rendered ineffective assistance in not timely objecting and moving for discharge pursuant to Crim. R. 4(C). In support of his contention, Heyward points to this court's memorandum opinion where we sua sponte observed that Heyward waived the possible claim that he should have been discharged for a Crim. R. 4(C) violation because trial counsel failed to raise a timely objection and demand that the trial date be set within the one-year period proscribed by the rule. *Heyward,* slip op. at 4–5.

■ Indiana Criminal Rule 4 provides that a defendant must be tried on a criminal charge within "one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later." According to this rule, "[a] defendant who is not brought to trial within twelve months must be discharged and the charge must be dismissed." *Wooley v. State,* 716 N.E.2d 919, 924 (Ind.1999). "However, this rule also authorizes trial courts to exceed the deadlines when [necessary due to] congestion of the court's calendar." *Collins v. State,* 730 N.E.2d 181, 182–83 (Ind.Ct.App. 2000).

Taking into account a continuance attributable to Heyward, the one-year time limit for bringing him to trial expired on April 8, 1992. *See Heyward,* slip op. at 5. Trial counsel did not object at the pre-trial hearing on March 12, 1992, when the trial court set Heyward's trial for June 18, 1992. *Id.* at 5. Instead, trial counsel waited until the day of trial to raise a Crim. R. 4(C) objection, which was subsequently denied by the trial court.[7]

The post-conviction court found that trial "counsel's testimony at the post-conviction hearing indicates that he had strategic or tactical reasons for the actions he took on [Heyward's] behalf." Appellant's App. p. 58. Our review of the transcript of the post-conviction hearing reveals that most of the questions directed at trial counsel on the Crim. R. 4 issue were devoted to whether he had raised a Crim. R. 4(A) or Crim. R. 4(C) objection. Appellant's App. p. 5–6, 8–14, 24–25, 29. At no time was trial counsel specifically asked why he had waited until the trial date to raise his objection rather than raising it at the pre-trial hearing on March 12, 1992, or at some other time before expiration of the one-year period. Appellant's App. p. 3–39. However, the record indicates that on several occasions prior to March 12, 1992, and once afterwards, Heyward asked trial counsel to continue his trial date.[8] One of these written requests was dated March 5, 1992, and asked counsel to seek continuance of Heyward's trial scheduled for March 9, 1992. With this in mind, trial counsel may well have believed that he was

7. The basis for this denial is not apparent from the record.

8. Heyward made written requests to trial counsel to have his trial continued on June 28, 1991, September 4, 1991, March 5, 1992, and May 8, 1992. Appellant's App. p. 43. Trial counsel testified that he kept copies of these written requests in the event that he

might need to file a motion for continuance. Appellant's App. p. 28. However, because the State filed several motions for continuances, the only one ultimately chargeable to Heyward was a joint motion for continuance filed on July 10, 1991. Tr. p. 28–29; *see also Heyward,* slip op. at 4.

accommodating Heyward's wishes in allowing the trial date to be continued until June 18, 1992, even though it was beyond the one-year speedy trial period. Thus, on this record we cannot say that the trial court's finding that trial counsel acted strategically was unsupportable. *See Davidson v. State,* 763 N.E.2d 441, 447 (Ind.2002) (holding that the trial court's decision that trial counsel was not ineffective was supportable on the record even though the trial court made no specific finding as to whether trial counsel's decision was the product of strategy or oversight and trial counsel testified that he could not remember the events from the trial which had taken place eleven years earlier).

In any event, Heyward has not met the second prong of the *Strickland* test, as he was not prejudiced as a result of trial counsel's failure to raise a timely Crim. R. 4(C) objection. If trial counsel had raised a timely objection on Crim. R. 4(C) grounds, we have no doubt that his objection would have been sustained by the trial court. That being the case, the trial court would have either rescheduled the trial date within the one-year limit or exercised its discretion to continue the trial date beyond that time based upon its crowded docket. The latter course of action was most likely as trial counsel testified at the post-conviction hearing that "Criminal Court Three" had a "crowded docket" at the time of the criminal proceedings against Heyward. Appellant's App. p. 32. Either way, the trial would have been rescheduled in accordance with the rule and Heyward would ultimately have been convicted. Thus, we cannot say that, but for trial counsel's failure to raise a timely Crim. 4(C) objection, the outcome would have been different. Accordingly, we do not find that trial counsel was ineffective on this issue.

Having determined that trial counsel was not ineffective for failing to object to the voluntary intoxication instruction and for failing to timely raise a Crim. R. 4(C) objection, we conclude that appellate counsel cannot be deemed ineffective in failing to raise these arguments on direct appeal. Therefore, Heyward was appropriately denied post-conviction relief.

Judgment affirmed.

SULLIVAN, J., and DARDEN, J., concur.